STATE v. COBB.

1. MURDER.—If there is bad blood between two men, and one seeks the other to bring on a difficulty, prepared to kill him if he resents, and he does resent and is killed, his assailant is guilty of murder.
2. CHARGE—PRESUMPTION.—When the evidence is not presented to the Court, it assumes that the charge was responsive thereto.

Before WATTS, J., Cherokee, March, 1902.    Affirmed.

Indictment against Son Cobb for murder.    From judgment of Sessions Court, defendant appeals.

*Messrs. Butler & Osborne* and *N. W. Hardin,* for appellant, cite: 13 S. C., 466; 24 S. C., 284; 40 S. C., 361; 9 Ency., 603.

*Assistant Attorney General Townsend,* contra, cites: 24 S. C., 284.

March 11, 1903.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The appellant, Son Cobb, was convicted of murder, with recommendation to mercy, at the March term, 1902, of the Court of General Sessions for Cherokee County, and was sentenced to life imprisonment. The exceptions allege several errors in the charge of the presiding Judge, but they were all abandoned in the argument except the second, which is as follows:

"II. For error in the instruction to the jury, as follows: 'If a man makes preparation with deliberation that way to go and raise a row with the other, with the intention of killing

the other, if the other resents the insult or strikes him, and he kills him, that is murder;' the error herein being this: the defendant herein, by so charging, was cut off from the plea of self-defense in the minds of the jury, and the jury might have reasonably inferred that the 'other' might 'resent the insult or strike him' in the most violent manner, endangering the life of the 'man,' and he would have no right to kill 'the other' to save his own life." The sentence to which appellant takes exception occurs in the following paragraph of the charge: "Now, the law is this: That if two men have bad blood towards each other, and one goes and prepares himself to take the life of the other, and does it with the intention of saying something to the other man to provoke him to resent any insult or to pick a row, and he has got ready for it and intends to take life as soon as he says something to the other fellow, and the other fellow resents it—if a man kills another under circumstances of the kind, he is guilty of murder, because there is a deliberation and preparation beforehand to take life; the intention, if the man does resent it, he has prepared himself to kill him. He has brought on the attack. If a man makes preparation with deliberation that way to go and raise a row with the other, with the intention of killing the other if the other resents the insult or strikes him, and he kills him, that is murder." The correctness of this interpretation of the law is no longer subject to controversy in this State. *State v. Beckham,* 24 S. C., 284.

The appellant insists that if the charge in this respect was correct, it was not applicable to the case. The evidence is not printed in the brief submitted to the Court, and we, therefore, must assume the charge was appropriate to the case before the Court.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

*Case submitted on printed briefs.    R.*