### 8589

### STATE v. ELLISON.

1. CHARGE—SELF-DEFENSE.—In view of the careful instruction by the Court in this case as to the crimes of murder and manslaughter and the degree of proof required in criminal cases, it was not error for the Judge to say to the jury at the close of his charge, their first duty was to enquire if the defendant had made out his plea of self-defense by the greater weight of the evidence.

2. MURDER.—A provocation of mere words will not reduce a killing from murder to manslaughter.

3. CHARGE—CASTLE.—Where a defendant strikes while in his store, an instruction that the law of the castle does not apply, but that of the premises may, is not error when this part of the charge is considered in connection with the entire charge.

Before PRINCE, J., Anderson, May term, 1912. Affirmed.

Indictment against John C. Ellison for murder. Defendant appeals.

*Messrs. Bonham* and *Watkins, T. F. Watkins* and *J. P. Carey,* for appellant.

*Solicitor P. A. Bonham* and *Mr. A. H. Dean,* contra.

June 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The defendant was tried at the May term of Court of General Sessions for Anderson County, 1912, before Judge Prince, on an indictment which charged him with the murder of R. A. Hunt, and was convicted of manslaughter. A motion for a new trial was made and refused, and defendant was sentenced, and from this conviction and sentence he now appeals and assigns error on the part of trial Judge in four exceptions.

The first alleges it was error for the Judge to say: " 'Now Mr. Foreman and gentlemen of the jury: When you go into your room first determine whether or not the defendant in this case has established his plea of self-defence by the greater weight of testimony.' 'The error is: That the first duty of the jury was to determine whether the State had made out its case beyond reasonable doubt, whether the deceased had been killed by the defendant before the defendant was called upon to prove his plea of self-defence by the preponderance of the evidence."

We have examined the entire charge of the Circuit Judge and we are pleased to say that he exercised the greatest care in defining each grade of homicide, pointing out distinctly the characteristics of each grade, warning the jury, repeatedly and at intervals, of its being the duty of the State to prove the offense beyond a reasonable doubt, and also of their duty to acquit the defendant if the State failed to prove

defendant's guilt of either the crime of murder, or that of manslaughter, beyond a reasonable doubt in each instance, and the extract from the charge embodied in this ground of appeal is based upon sound law, especially in view of the wholesome definitions of the crime of murder and manslaughter contained in the general charge to the jury, wherein he was careful to point out what proof was required, and the jury could not have been misled, and this ground is overruled.

The second exception charges error on the part of the Judge in saying to the jury: "I meet you on the street, I insult you most grievously, by uttering about you, and in your presence, language calculated to arouse the wrath of the ordinary man, and it does arouse your wrath, and in consequence of the aroused wrath, and not because of any preformed purpose, you strike me dead, the law says that it is manslaughter, no, the law says that is murder, where it is done by mere words. That is murder, because there is not sufficient legal provocation." This exception is overruled for the reason stated in overruling the first exception, and for the additional reason that it was in accord with the law, as laid down in *State* v. *Jacobs,* 38 S. C. 29, 4 S. E. 799; *State* v. *Levelle,* 34 S. C. 129, 13 S. E. 319; *State* v. *Davis,* 50 S. C. 424, 27 S. E. 905.

The third exception alleges error on the part of his Honor when charging on the proposition of what is necessary to make out the plea of self-defense in saying to them: "I will not undertake to define to you what is known as the law of the castle, because there is no evidence in this case tending to show that the defendant was at the time of the fatal encounter in his dwelling house, or his yard, but the law of the premises may be applicable in this case, and I charge you that a man on his own premises is not bound to run." This exception is overruled, for the reason the Judge's charge, when read in full, will show no reversible error, and his reasoning is sustained by the prin-

ciple laid down in *State* v. *Summers,* 36 S. C. 480, 15 S. E. 369.

The fourth exception alleges error in charging the jury in reference to manslaughter in using this language: "The law never recognizes mere words as sufficient provocation to reduce killing to manslaughter. However insulting those words, however calculated to arouse the wrath of the ordinary man, and however the jury may be convinced that those insulting words did arouse the wrath of him who did the slaying, the law says that no words ever amount to a sufficient provocation to reduce a killing to manslaughter." This exception is overruled for it was a correct proposition of law, when taken with his Honor's charge as a whole, and is sustained by the principle laid down in *State* v. *Davis, supra,* and this is not in conflict with the law as laid down in *State* v. *Beckman,* 24 S. C. 284; *State* v. *Cobb,* 65 S. C. 325, 43 S. E. 654; *State* v. *Rowell,* 75 S. C. 494, 56 S. E. 23; *State* v. *Ferguson,* 91 S. C. 235, 74 S. E. 502. The exceptions are overruled.

Judgment affirmed.