19531

Theresa Diane Carmen PLAYER, a minor over the age of fourteen (14) years, by her Guardian ad Litem, John Carmen, Appellant, v. Geraldine THOMPSON et al., Respondents.

(193 S. E. (2d) 531)

602

*Messrs. Kermit S. King,* and *J. Frank Hartman,* of Columbia, *for Appellant,*

*Joseph L. Nettles, Esq., for Respondents, Geraldine Thompson and Bobby Thompson,*

*Heyward E. McDonald, Esq.,* of *Rogers, McDonald, McKenzie & Fuller,* of Columbia, *for Respondent, Nancy Carder,* cites: *As to a lack of evidence and testimony, viewed in the light most favorable to Appellant, to require the Trial Judge to overrule the motion for nonsuit as to the issue of heedlessness and recklessness on the part of the host driver:* 256 S. C. 458, 128 S. E. (2d) 886; 247 S. C. 521, 148 S. E. (2d) 338; 8 A.M. Jur. (2d), Automobiles and Highway Traffic, Section 511; 150 S. E. (2d) 95; 202 S. C. 73, 24 S. E. (2d) 121; 190 S. C. 309, 2 S. E. (2d) 790; 248 S. C. 389, 150 S. E. (2d) 473; 249 S. C. 168, 153 S. E. (2d) 312; 241 S. C. 430, 128 S. E. (2d) 776; 4A C. J. S., Appeal and Error, Sec. 1172; 220 N. W. 203; 150 A. 795; 42 C. J., page 890, Sec. 592; 224 Mass. 420, 113 N. E. 119; 272 Pa. 419, 116 A. 594. *As to the Trial Judge's properly excluding out-of-court admission and testimony about the incident when the car failed inspection because of two slick tires:* 243 S. C. 425, 134 S. E. (2d) 410; 233 S. C. 233, 104 S. E. (2d) 357.

December 7, 1972.

*Per Curiam:*

The lower court granted the defendants' motion for a nonsuit. Plaintiff has appealed. We must decide if more than one reasonable inference can be deduced from the evidence and if the trial judge erred in taking the case from the jury. We are also called upon to determine if excluding an out-of-court admission and other evidence was proper.

Diane Player was injured in a one-car automobile collision with a mailbox and fence while a guest passenger in an automobile driven by defendant Nancy Carder and owned by defendant Bobby Thompson. The guardian *ad litem* in behalf of the minor Diane Player sues the driver, Nancy Carder, for damages, alleging heedlessness and recklessness in the operation of the automobile. The plaintiff further alleges that both defendant Bobby Thompson and his wife, defendant Geraldine Thompson, are liable under the family purpose

doctrine and because of negligent entrustment of the automobile to Carder.

At the conclusion of the plaintiff Player's evidence, the judge granted a nonsuit to all defendants on the ground that the driver Carder was not reckless and heedless and on the ground that her conduct was not the proximate cause of the injuries sustained .

When a party makes a motion for a nonsuit, it is encumbent upon the trial judge to view the evidence and all inferences arising therefrom in the light most favorable to the opposing side. We are required to do the same and the following is a summary of the evidence, without regard to weight or truth, viewed in the light most favorable to the plaintiff Player.

Defendant Bobby Thompson furnished an automobile for family purposes to his then-estranged wife, Geraldine Thompson. At the time of the collision, Nancy Carder was staying at the home of Geraldine Thompson. Mrs. Thompson requested that Nancy Carder go to the store for her and entrusted her with the automobile. At the time, Mrs. Thompson knew that she had no driver's license. Prior to going to the store, Carder asked plaintiff Diane Player (then Diane Carmen) and James Player, whom Diane has since married, to accompany her, which they did. There is evidence that it was a rainy night; that the tires on the car were worn slick; that Nancy Carder was an unlicensed driver; that the driver was warned to slow down; that the driver was warned to watch for a dog on the side of the street; that the dog ran in front of the car; that the car was traveling 25 miles per hour; and that she slammed on the brakes, causing the car to slide to the right and run into a mailbox and fence, stopping some nine feet off the road.

The foregoing summary of the evidence concerning the circumstances of the wreck is by no means complete, but we think it is sufficient to show that it was error for the trial

judge to hold as a matter of law that no evidence of recklessness had been presented.

"Ordinarily, it is the function of the jury to pass upon the issues of negligence, willfulness and wantonness and contributory negligence, wilfullness and wantonness." *Gillespie v. Ford et al.*, 225 S. C. 104, 81 S. E. (2d) 44 (1954).

The same is true of recklessness and heedlessness. And, it is

" ' "[W]hen only one reasonable inference not just one inference, but one reasonable inference, can be deduced from the evidence, it become a question of law for the court, and not a question of fact for the jury. " ' " In *re Crawford*, 205 S. C. 72, 30 S. E. (2d) 841 (1944).

We are of the opinion that the evidence recited, when viewed in the light most favorable to the plaintiff, created a jury issue as to recklessness on the part of the driver.

The trial judge also concluded the conduct of the driver Carder in no way proximately caused the collision.

Proximate cause is normally a question of fact for determination by the jury, and may be proved by direct or circumstantial evidence. In order to hold a defendant liable, it is not necessary to prove that his or her recklessness was the sole proximate cause of the injury. It is sufficient if it be concurring or a contributing proximate cause. From all of the evidence in the case, we do not think that it can be said as a matter of law that the fact that the dog ran out in front of the automoblie was the sole proximate cause of the injuries plaintiff is alleged to have sustained.

" '[C]oncurring causes operate contemporaneously to produce the injury, *so that it would not have happened in the absence of either*. . . . It is enough (to impose liability) to show that it is a proximate concurring cause; *that is, one that was so efficient in causation that, but for it, the injury would not have occurred* . . .' (interpolation and italics

ours)" *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 776 (1962).

In this case, under all of the circumstances, it would not be unreasonable to infer that because of the slick tires, the wet road, the ignored warnings and her speed—whatever it was, she was unable to control the vehicle, which skidded into the mailbox and fence, that the injury to plaintiff was thus proximately caused by the joint and concurring action of Nancy Carder and the dog. We concluded that the evidence on issues of proximate cause and heedlessness and recklessness was susceptible of more than one reasonable inference and, accordingly, the case should have been submitted to the jury.

Inasmuch as the case must be tried again, we will rule upon evidentiary questions raised by plaintiff's exceptions. The complaint alleged:

(1) That Nancy Carder was heedless and reckless in driving the motor vehicle which she *"knew, or should have known, had worn and defective tires,* upon a wet and slippery street;" (emphasis added.)

(2) That Geraldine Thompson was negligent, careless, reckless, wilful and wanton in providing an automobile to a driver when she *"knew or should have known, that the tires on the said motor vehicle were worn, slippery, and in a defective condition."* (emphasis added.)

Section 46-611, as amended, of the Code of Laws of South Carolina, requires that tires on motor vehicles "shall be in a safe operating condition." Section 46-644.1 makes it an offense to operate a vehicle not having a current inspection sticker issued by the State Highway Department. The stickers are issued by authorized inspection stations throughout the State. The stickers are not issued for cars with defective or slick tires.

Subsequent to the collision and prior to suit, Carder gave a statement (to a representative of plaintiff's counsel) which

was sworn to and recorded, concerning Geraldine Thompson and the car she was driving. In essence, she stated that she (Carder) went with Geraldine Thompson, two or three weeks before the collision, to a motor vehicle inspection station. She said that the inspector refused Mrs. Thompson a sticker because "she needed two tires." She stated she heard the inspector "tell her [Mrs. Thompson] and she [Mrs. Thompson] told me."—"The man told her that . . . she needed two more to, pass inspection."

As a. part of plaintiff's case in chief, counsel attempted to introduce the statement, or in the alternative call the court reporter who took the statement, to testify as to Carder's statement or read the questions and answers to the jury. Counsel conceded that "no portion of the statement is relevant as to the Thompsons." He stated: "I therefore in my proffer of proof have eliminated all references to the Thompsons and the portions that I now read includes only those words that I would think would be appropriate as to Miss Carder."

The proffer was refused because Carder had no personal knowledge of the tires being slick; because the inspection station incident was too remote in point of time; and because it was "hearsay against Thompson" and "prejudicial to Thompson."

There was testimony by Charles Player tending to prove that the tires on the car were slick when examined after the collision. We do not agree that evidence concerning the tires being defective two or three weeks before the collision was too remote in point of time.

It often happens that a statement which is inadmissible for one purpose is admissible for other purposes.

We have held and we think it is indispensable that when a statement is admissible against one defendant and not against others, that the trial judge must admit the statement against the defendant and instruct the jury to disregard it as to the other defendants. *Eberhardt v. Forrester,* 241

S. C. 399, 128 S. E. (2d) 687 (1962) ; 1 Wigmore on Evidence § 13 (3rd ed. 1940). The trial judge was in error in excluding the admission because it was hearsay against the Thompsons and prejudicial to them.

The admission as it affects Carder should not have been excluded because Carder did not have personal knowledge that the tires were slick. The rule is that personal knowledge of the person making an admission is immaterial 4 Wigmore on Evidence § 1053 (3rd ed. 1940.)

At the new trial, if the statement can be dissected so as to eliminate mention of the Thompsons, its admission in that form would be the best procedure; on the other hand, if it cannot be dissected, the judge should admit the statement and charge the jury that it must not be considered against the Thompsons.

After the trial judge declined to admit the statement in evidence, counsel for plaintiff called defendant Carder as a witness. He attempted to ask her about the inspection station incident in an effort to show that both she (Carder) and Mrs. Thompson had notice of the slick tires. Defense counsel's objection was sustained on the ground that it was hearsay.

In C. McCormick, Law of Evidence § 225 (1954) hearsay evidence is defined:

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of- court asserter."

Our Court has recognized this sound and very basic proposition in *Watson v. Wall,* 239 S. C. 109, 121 S. E. (2d) 427 (1961)'. Also See 5 Wigmore on Evidence § 1361 (3rd ed. 1940).

"If, then, an utterance can be used as circumstantial evidence, i. e. without inferring from it as an assertion to the

fact asserted, the Hearsay rule does not oppose any barrier, because it is not applicable." 6 Wigmore on Evidence § 1788 (3rd. ed. 1940).

It would not be improper in this case for the plaintiff to elicit testimony from Nancy Carder that a filling station attendant stated to both Mrs. Thompson and her that the automobile had bad tires. It would be receivable, not as a testimonial assertion by the attendant to prove the fact of slick tires, but as indicating that Nancy Carder and Mrs. Thompson obtained knowledge of the slick tires, the fact of slick tires being proved by other evidence.

Inasmuch as the testimony was not offered to prove the truth of the matter stated, but solely to prove notice, which is a state of mind, the hearsay rule does not apply. Whether one is negligent or heedless or reckless in providing a car with slick tires to another, or in driving a car with slick tires, depends at least to some degree on one's knowledge of the condition of the tires. Carder's testimony should have been admitted as it affects both Geraldine Thompson's and Carder's notice of slick tires.

The trial judge granted the motion for a nonsuit as to the defendants Geraldine Thompson and Bobby Thompson, because they could not be held liable unless the driver Carder could be held liable. He did not grant the motion on the ground that the family purpose doctrine was not applicable, nor on the ground that there was no evidence of negligent entrustment. Inasmuch as the motion should not have been granted as to Carder, the motion should not have been granted as to Bobby Thompson and Geraldine Thompson. We do not mean to intimate that the motion for a nonsuit as to Geraldine Thompson and Bobby Thompson should have or should have not been granted on the theory of the family purpose doctrine or negligent entrustment. On a new trial, after the plaintiff's testimony has been submitted, Bobby Thompson and Geraldine Thompson may renew their motion, inasmuch as the same was not ruled upon in the first

trial the Case is remanded and a new trial is ordered as to all defendants.

Reversed and remanded.