## 22841

The STATE, Respondent v. Robert M. GOLDENBAUM, Appellant.

(365 S. E. (2d) 731)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *William Edgar Salter, III*, Columbia; and *Solicitor Charles M. Condon*, Charleston, *for respondent.*

Heard Jan. 4, 1988.

Decided Feb. 22, 1988.

HARWELL, Justice:

Appellant was convicted of first degree burglary and attempted first degree criminal sexual conduct. On appeal, he argues that the trial judge erred in refusing to instruct the jury on the elements of second and third degree burglary. We disagree and affirm the convictions.

Appellant and his wife lived across the hall from the victim in an apartment complex. The victim was awakened late one night by a knife-wielding man standing over her.

During the loud, lengthy struggle to fend off the man's sexual attack, the victim heard a knock at her apartment door. She broke free, opened the door, and found appellant's wife there. The victim begged for help and warned appellant's wife not to enter the apartment because the assailant was still inside. The victim then ran across the hall and watched as appellant's wife entered victim's apartment, turned on the lights, and walked out with appellant. The victim immediately positively identified appellant as the assailant. In her statement to police, the victim identified the knife used during the attack as "a sporting type knife." When he was arrested later that night, appellant had a "lock blade" knife in his pocket.

The trial judge instructed the jury only on the elements of first degree burglary; he denied appellant's requested instructions on second and third degree burglary.

The statutory law of burglary was substantially rewritten by Act No. 159, 1985 S. C. Acts 603, codified at S. C. Code Ann. Sections 16-11-310 to 16-11-313 (Supp. 1987). First degree burglary is now defined as the entry of "a *dwelling* without consent and with intent to commit a crime therein" and the existence of an aggravated circumstance. § 16-11-311 (emphasis added). Second degree burglary consists of (1) entry of "a *dwelling* without consent and with intent to commit a crime therein," but absent any aggravating circumstance; or (2) entry of "a *building* without consent and with intent to commit a crime therein" and the existence of an aggravating circumstance. § 16-11-312 (emphasis added). Third degree burglary is defined as "enter[ing] a *building* without consent and with the intent to commit a crime therein," with no aggravating circumstances. § 16-11-313 (emphasis added).

A "building" is defined as "any structure ... (a) [w]here any person lodges or lives; or (b) [w]here people assemble for purposes of business, government, education...." § 16-11-310(1). Section 16-11-10 (1976) defines "dwelling" as "any house, outhouse, apartment, building ... where there sleeps a ... person who lodges there with a view to the protection of property...." Section 16-11-310 (Supp. 1987) incorporates this definition and provides that "dwelling ... also means the living quarters of a building which is used or

normally used for sleeping, living or lodging by a person." A "dwelling" is, therefore, a more specific form or portion of a "building."

Appellant argues that the apartment in which the offense was committed fits the statutory definitions of both "building" and "dwelling," so the trial judge should have instructed the jury on the elements of all three degrees of burglary. He asserts that under the statute one who commits burglary in the first degree also commits burglary in the second and third degrees because the term "dwelling" is encompassed within the term "building."

We find no error in the refusal to charge second and third degree burglary here. The only factual dispute before the jury was the assailant's identity. No evidence existed here to create a factual dispute as to what type structure was entered. The victim's apartment was unquestionably a "dwelling"—"the living quarters of a building." § 16-11-310 (Supp. 1987).

A trial judge's determination of what law should be charged is made from the evidence presented. *State v. Funchess*, 267 S. C. 427, 229 S. E. (2d) 331 (1976). A request to charge on a lesser included offense is properly refused when there is no evidence that the defendant committed the lesser rather than the greater offense. *State v. Pressley*, 292 S. C. 9, 354 S. E. (2d) 777 (1987); *State v. Adams*, 291 S. C. 132, 352 S. E. (2d) 483 (1987). There was no evidence here from which the jury could infer that appellant committed second or third rather than first degree burglary. The second and third degree burglary charges were, therefore, properly refused.

Appellant's remaining exceptions are meritless and disposed of under Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.