22916

The STATE, Respondent v. Odell GILLIAM, Appellant.

(373 S. E. (2d) 596)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey of the South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Solicitor Joseph J. Watson,* Greenville, *for respondent.*

Heard Sept. 21, 1988.

Decided Oct. 24, 1988.

GREGORY, Chief Justice:

Appellant was convicted of assault and battery of a high

and aggravated nature (ABHAN) and murder. He was sentenced to consecutive terms of ten years and life imprisonment. Appellant appeals only the murder conviction on the ground that he was entitled to a charge on a lesser included offense of voluntary manslaughter. We reverse the murder conviction and remand for a new trial.

Appellant lived with Daisy Mae Reed for seven years until he left her to marry Hannah in 1984. On Christmas Day 1986, appellant assaulted Daisy Mae at her place of work by hitting her on the head with a walking stick and slashing her severely with a switch blade. As a result, appellant was convicted of ABHAN at the trial of this case.

A few hours after the assault on Daisy Mae, appellant shot and killed Daisy Mae's lover, John Austin, at the Brown Derby Cafe. For this crime, he was convicted of murder. Appellant claims he was entitled to a charge of voluntary manslaughter, based on the following version of the facts he presented at trial.

Appellant was angry with Daisy Mae because she persisted in making harassing phone calls to appellant's wife, Hannah. Daisy Mae taunted appellant during their conversation at her place of work, provoking his attack. He then went to the Brown Derby to look for John Austin because Daisy Mae had told appellant that Austin wanted to see him. Appellant testified he had no intention to shoot Austin.

Appellant found Austin at the Brown Derby and motioned for him to come outside. The two men began arguing and Austin made threatening statements to appellant. Austin then took a gun from his pocket and shot at appellant before appellant could reach his own gun. Appellant shot back at Austin, killing him.

At appellant's request, the trial judge charged self-defense. He refused, however, to charge voluntary manslaughter as a lesser included offense, ruling that self-defense and voluntary manslaughter are mutually exclusive as a matter of law.

Appellant correctly contends this was error. Both ■ self-defense and the lesser included offense of voluntary manslaughter should be submitted to the jury if supported by the evidence. *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981). The rationale for this rule is that the

jury may fail to find all the elements for self-defense but could find sufficient legal provocation and heat of passion to conclude the defendant was guilty of voluntary manslaughter. *Id.*

The evidence in this case supports a charge of voluntary manslaughter. Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. *State v. Damon,* 285 S. C. 125, 328 S. E. (2d) 628 (1985). To warrant refusal of such a charge, there must be no evidence tending to reduce the crime from murder to manslaughter. *Id.; State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564 (1969). Appellant's testimony that the victim threatened him and then fired at him would support a finding of sufficient legal provocation and heat of passion. *See State v. Linder, supra; see also State v. Gardner,* 219 S. C. 97, 64 S. E. (2d) 130 (1951) (heat of passion renders mind of ordinary person incapable of cool reflection and produces an uncontrollable impulse to do violence). The trial judge erred in refusing to charge voluntary manslaughter.

Accordingly, appellant's murder conviction is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.