1919

The STATE, Respondent v. Christopher Lee FRANKLIN, Appellant.

(425 S.E. (2d) 758)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr., and Staff Atty. Rakale B. Smith, Columbia, Amie L. Clifford, North Charleston, and Sol. Randolph P. Murdaugh, III, Hampton, for respondent.*

Heard Sept. 14, 1992; Decided Dec. 7, 1992.

Reh. Den. Feb. 3, 1993.

*Per Curiam:*

This is murder case. The sole issue at trial was whether Franklin was guilty of murder or manslaughter in the slaying of his father and stepmother. The court charge the jury on murder and manslaughter as to the death of Franklin's father. The court charged only murder as to the stepmother's death. The jury convicted Franklin of murder in both killings. The court sentenced him to two life sentences. Franklin appeals both convictions. We affirm.

The record shows Franklin has a troubled youth. He was two years old when his parents divorced, and in the following years he was passed back and forth between them. His father remarried when Franklin was about seven. From the start, Franklin and his stepmother did not get along. Soon after his father's remarriage, Franklin began receiving treatment at various mental health facilities. He complained that his stepmother always "put him down" and slapped him in the face and that his father took his stepmother's side in all disputes. He was diagnosed as suffering from severe depression. In April, 1989, Franklin, who was almost fifteen, was adjudged delinquent on charges of possession of an unlawful weapon and joyriding. The family court sent him to a juvenile detention center. After his release from the detention center, Franklin lived at the Pee Dee Crisis Center in Florence.

On Saturday, April 28, 1990, Franklin's father picked him up at the crisis center to take him home. Franklin was upset ab out going home, because he did not want to be around his stepmother. Franklin and his father argued in the car on the way home. The next day, Franklin worked in the yard with his father and stepmother, where they again argued about his poor behavior.

After working in the yard for awhile, Franklin went inside, found his shotgun, and hid it in another place. He then went outside to do more yard work. At some point that afternoon, the stepmother threatened to send Franklin back to the detention center, and the father told his son he would have to find some other place to live. He returned inside, loaded the shotgun, drank some lemonade, and went outside to do more yard work. Later, he returned to the house, got his shotgun, and took it into the bathroom. When he opened the bathroom door, his father was in the hallway. Franklin shot him twice. Franklin then was went to the kitchen and shot his stepmother once. After shooting her, he proceeded to hit her in the head several times with the shotgun. The autopsy lists multiple fractures of the skull as the primary cause and the gunshot wound as the contributing cause of the stepmother's death. Franklin voluntarily confessed to the police that he killed his father and stepmother.

## I.

Franklin argues the judge's charge on murder was incorrect, because it instructed the jury it could presume Franklin acted with malice because he used a deadly weapon.

Murder is the killing of another with malice aforethought, either express or implied. S.C. Code Ann. § 16-3-10 (1976); *State v. Johnson*, 291 S.C. 127, 352 S.E. (2d) 480 (1987). Jury charges raising a mandatory presumption rather than a permissible inference of malice constitute reversible error. *State v. Elmore*, 279 S.C. 417, 308 S.E. (2d) 781 (1983).

We hold the charge did not instruct the jury to presume malice from Franklin's using a shotgun. The charge uses the word "implication" rather than "presumption." Further, the charge clearly instructed the jury the use of a deadly weapon

is simply an evidentiary fact to be taken into consideration along with all other evidence in the case.

## II.

Franklin next argues the court erred by not charging the jury on manslaughter as to the killing of his stepmother.

Voluntary manslaughter is the unlawful killing of a human being in the sudden heat of passion upon sufficient legal provocation. *State v. Gilliam*, 296 S.C. 395, 373 S.E. (2d) 596 (1988). If sufficient legal provocation does not exist, the killing, even if committed during the heat of passion, is murder, not the lesser offense of manslaughter. *State v. Norris*, 253 S.C. 31, 168 S.E. (2d) 564 (1969). The provocation of the deceased must be such as naturally and instantly produces in the mind of a person ordinarily constituted the highest degree of exasperation, rage, anger, sudden resentment, or terror, rendering the mind incapable of cool reflection. *State v. Davis*, 50 S.C. 405, 27 S.E. 905 (1897).

Refusing to charge manslaughter is warranted only when no evidence exists tending to reduce the crime from murder to manslaughter. *State v. Gilliam, supra.* In Franklin's defense, numerous psychologists and psychiatrists testified that his family life was the main cause of his stress and depression and that his stepmother and father subjected him to physical and emotional abuse throughout his childhood. One psychologist suggested that Franklin was probably sexually abused while at the juvenile detention center. Franklin contends the pattern of abuse he suffered and his fear of possibly returning to the detention center combined to create sufficient legal provocation to warrant a charge on manslaughter.

In support of his argument, Franklin cites *State v. Hill*, 287, S.C. 398, 339 S.E (2d) 121 (1986). In *Hill*, the Supreme Court held expert testimony on battered woman's syndrome is admissible to determine the defendant's state of mind for the purpose of establishing self-defense. *Hill* does not control this case. In this case, unlike *Hill*, the trial court allowed the expert testimony. Moreover, this case does not involve self-defense. There is no evidence that Franklin's stepmother posed a threat of serious bodily harm or death to Franklin. She was

in the kitchen down the hallway right before he shot and beat her to death. Finally, there was no evidence of legal provocation. Accordingly, the court correctly declined to charge the jury on manslaughter.

## III.

Franklin also argues the court should have instructed the jury that if it had a reasonable doubt whether he was guilty of murder or manslaughter for killing his father, it must find him guilty of manslaughter.

In *State v. King*, 158 S.C. 251, 155 S.E 409 (1930), the Supreme Court held a trial court must charge a jury that if reasonable doubt exists whether a defendant is guilty of murder or manslaughter, the jury has a duty to resolve the doubt in favor of the defendant by finding him guilty of the lesser offense of manslaughter. We hold that the court's refusal to give this charge was not error, because there was no evidence Franklin acted upon sufficient legal provocation when he killed his father. As a matter of law, mere words are not a sufficient provocation for killing with a deadly weapon. *State v. Ellison*, 95 S.C. 127, 78 S.E. 704 (1913). The evidence showed that Franklin argued with his father the day before and on the day of the killing, but not immediately before the shooting. The father told him that he would have to find another place to live. Further, a psychiatrist for the defense opined that Franklin shot his father probably to keep the father from interfering from his primary objective, killing his stepmother. There was also ample evidence of deliberation and premeditation by Franklin before he shot his victims. Because there was no contrary evidence entitling Franklin to a jury charge on manslaughter as to the killing of his father, we decline to reverse. *See State v. Davis*, — S.C. —, 422 S.E. (2d) 133 (1992) (Davis Adv. Sh. No. 22) (failure to give *King* charge harmless error when no evidence existed to support a finding defendant was guilty of the lesser offense).

The judgment of the circuit court is

Affirmed.