476 S.E.2d 681

**The STATE, Respondent,**

v.

**Randolph JOHNSON, Appellant.**

No. 24457.

Supreme Court of South Carolina.

Heard March 7, 1996.
Decided July 1, 1996.
Rehearing Denied Aug. 15, 1996.

Assistant Appellate Defender Lisa T. Gregory, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Charles F. Reid, Assistant Attorney General Robert F. Daley, Jr., all of Columbia; and Solicitor David Price Schwacke, of North Charleston, for respondent.

BURNETT, Justice:

Appellant appeals his convictions for murder, assault and battery with intent to kill (two counts), and possession of a firearm during the commission of a violent crime. We affirm.

## FACTS

This case arose from a shooting incident that occurred at Goose Creek High School. According to the testimony at

trial, there was a pre-arranged fight between two students after school on March 15, 1994. Following the fight, appellant, who was not a student at Goose Creek, entered into some type of verbal altercation with another individual or individuals who had witnessed the fight. During this altercation, appellant pulled out a handgun and fired several times. One student was killed and two other individuals were injured when they were struck by bullets.

## ISSUES

(1) Did the trial judge err in refusing to charge voluntary manslaughter?

(2) Did the trial judge err in allowing testimony indicating the vehicle in which appellant was driving on the day of the shooting was stolen?

(3) Did the trial judge err in allowing the State to present hearsay testimony?

## DISCUSSION

### *Voluntary Manslaughter*

Appellant first argues the trial judge erred in refusing to charge the lesser-included offense of voluntary manslaughter. We disagree.

Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. *State v. Gilliam,* 296 S.C. 395, 373 S.E.2d 596 (1988). When death is caused by the use of a deadly weapon, words alone, however opprobrious, cannot constitute sufficient legal provocation. *State v. Rogers,* 320 S.C. 520, 466 S.E.2d 360 (1996). Rather, the offending words must be accompanied by some overt threatening act which could have produced the heat of passion. *Id.; State v. Lowry,* 315 S.C. 396, 434 S.E.2d 272 (1993).

Here, the evidence indicates the altercation between appellant and the other individual or individuals merely involved "bad mouthing" and "trash talking." Although appellant testified the individuals approached him as they were "trash talking," and there was testimony one of the individuals

removed his hat and "stepped out a little bit" demonstrating a willingness to fight, there was no evidence indicating any individual or individuals made an overt threatening act towards appellant. Consequently, the trial judge did not err in refusing to charge voluntary manslaughter. *State v. Goldenbaum*, 294 S.C. 455, 365 S.E.2d 731 (1988) (a request to charge a lesser-included offense is properly refused when there is no evidence the defendant committed the lesser rather than the greater offense).[1]

### Testimony About Stolen Car

■ Appellant argues the trial judge erred in allowing testimony indicating the vehicle in which appellant was driving on the day of the shooting was stolen, and in allowing the solicitor to question appellant and to make comments about the stolen nature of the car. A review of the record, however, indicates appellant made no contemporaneous objection at trial and did not raise this issue at any point during trial. Consequently, this issue is not preserved for review. *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991) (a contemporaneous objection is required to properly preserve an error for appellate review); *State v. Williams*, 303 S.C. 410, 401 S.E.2d 168 (1991) (issues not raised to and ruled on by the trial court are not preserved for appeal).

### Hearsay

■ In describing what had occurred during the verbal altercation, State's witness Ronald Myers testified as follows:

A. And then he said, "well, you got a gun?" and [appellant] was like, "yeah, and I ain't scared to shoot," and [appellant] pulled out the gun and started shooting.

The solicitor then asked Myers, "Who said 'you got a gun'?" Defense counsel objected on hearsay grounds. The objection was overruled. Appellant argues this was error. We disagree.

---

1. In *Lowry, supra,* we held the defendant was entitled to a voluntary manslaughter charge where the evidence indicated the decedent moved toward the defendant in a menacing fashion with his arms and hands outstretched as if to grab the defendant. In appellant's case, no such evidence was presented.

■ Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. *Player v. Thompson,* 259 S.C. 600, 193 S.E.2d 531 (1972); *see also* Rule 801, SCRE. Here, the statement "you got a gun?" was not hearsay as it was not offered to prove the truth of the matter asserted. Indeed, the statement was not even an assertion, but was a question asked to appellant. Further, even if the testimony was hearsay and its admission error, the error was clearly harmless as appellant admitted at trial that he possessed (and fired) a gun during the verbal altercation.

For the foregoing reasons, appellant's convictions are affirmed.

AFFIRMED.

MOORE, A.J., R. MARKLEY DENNIS, JR., Acting Associate Justice, concur.

FINNEY, C.J., and WALLER, A.J., dissenting in separate opinion.

WALLER, Justice, dissenting:

I respectfully dissent. In my opinion, under the facts presented here, Johnson was entitled to a jury charge on voluntary manslaughter.

Johnson testified that, during a verbal altercation, several individuals approached him in a threatening manner. When he told them he did not want to fight, they continued toward him still yelling so he pulled out the gun. When they came closer still, he fired the gun.[1]

To warrant refusal of a request to charge voluntary manslaughter, there must be no evidence whatsoever tending to reduce the crime of murder to voluntary manslaughter. *State v. Lowry,* 315 S.C. 396, 434 S.E.2d 272 (1993); *State v. Damon,* 285 S.C. 125, 328 S.E.2d 628 (1985), *cert. denied* 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 156, *overruled in part on other grounds, State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991). Although words alone may not constitute sufficient

---

[1]. Two witnesses confirmed that one individual stepped out toward Johnson in a confrontational manner.

legal provocation, words accompanied by some overt, threatening act may be sufficient. *Lowry, supra.*

I find no distinction between the holding of the majority today and that in *State v. Lowry, supra.* In *Lowry,* we noted the defendant and victim were in a heated argument and "the decedent was about to initiate a physical encounter" when the shooting occurred. There, we found the failure to charge voluntary manslaughter reversible error. Here, the majority concedes there was evidence of a verbal altercation followed by one of the victims "demonstrating a willingness to fight." I discern no tenable distinction warranting the denial of the charge to Johnson. Accordingly, I would reverse and remand for a new trial on the murder charge.

FINNEY, C.J., concurs.