THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 Timothy L. Evans, Petitioner,
 
 
 
 
 

v.

 
 
 
 
 State of South Carolina, Respondent.
 
 
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge
G. Thomas Cooper, Post-Conviction Relief Judge

Memorandum Op. No.  2010-MO-022
Submitted August 18, 2010  Filed August 23, 2010 

AFFIRMED

 
 
 
 Appellate
 Defender LaNelle Cantey DuRant, South Carolina Commission on Indigent Defense,
 Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General Ashley A. McMahan, all of the Office of the Attorney General, of
 Columbia, for Respondent. 
 
 
 

PER CURIAM:  Petitioner seeks a writ of certiorari from the
 denial of his application for post-conviction relief (PCR).
Because there is sufficient
 evidence to support the PCR judges finding that petitioner did not knowingly
 and intelligently waive his right to a direct appeal, we grant the petition for
 a writ of certiorari and proceed with a review of the direct appeal issues
 pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).    
Petitioners convictions and
 sentences are affirmed pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: Issue 1: State
 v. Johnson, 324 S.C. 38, 476 S.E.2d 681 (1996) (finding a contemporaneous objection required to
 preserve issues for appellate review); State v. Lynn,
 277 S.C. 222, 284 S.E.2d 786 (1981) (finding an appellants failure to contemporaneously
 object to testimony that he later advanced as prejudicial following the States
 completion of its case could not be bootstrapped to a motion for a mistrial); State v. Hughes, 336 S.C. 585, 521 S.E.2d 500
 (1999) (finding an appellant must show a violation of Rule 5, SCRCrimP, is
 prejudicial to obtain relief); State v. Gunn, 313 S.C. 124, 437 S.E.2d
 75 (1993), cert. denied, 510 U.S. 1115, 114 S.Ct. 1063, 127 L.Ed.2d 383
 (1994) (finding the failure to disclose materials pursuant to Brady v.
 Maryland, 373 U.S. 83, 83 S.Ct. 1194,
 10 L.Ed.2d 215 (1963), is reversible
 error only when its omission deprives the defendant of a fair trial) and Issue
 2: State v. Turner, 373 S.C. 121, 644 S.E.2d 693 (2007) (finding an
 issue not preserved for review because it was not raised to and ruled on by the
 trial court); State v. Prioleau, 345 S.C. 404, 548 S.E.2d 213 (2001)
 (finding an issue not preserved for review where the party argued one ground at
 trial and another on appeal); State v. Baccus, 367 S.C. 41, 625 S.E.2d
 216 (2006) (finding a search warrant may only be issued upon a finding of
 probable cause); State v. Sachs, 264 S.C. 541, 216 S.E.2d 501 (1975)
 (finding the neutrality requirement for issuing a search warrant requires the
 issuing officer not be functioning in a capacity charged with the duty of
 investigating or prosecuting crimes).
AFFIRMED.
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.