THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Joy Mack, Appellant.
 
 
 
 
 

Appeal From Charleston County
 J. C. "Buddy" Nicholson, Jr.,
Circuit Court Judge

Unpublished Opinion No.  2011-UP-215  
Submitted May 1, 2011  Filed May 17, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Joy Mack appeals his convictions for
 kidnapping, assault and battery with intent to kill, and armed robbery, arguing
 the trial court erred in the following: (1) allowing the victim to make an
 in-court identification of Mack when the initial identification was unreliable
 and (2) denying Mack's motion for a directed verdict when the evidence
 presented at trial was insufficient to convict Mack.  We affirm.[1]  
1. A review
 of the Record indicates Mack did not make a contemporaneous objection at trial and did not raise the issue of the victim's
 in-court identification at any point during trial.  Accordingly, the issue is
 not preserved for appellate review. See State
 v. Johnson, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996) (holding there
 must be a contemporaneous objection that is ruled upon by the trial [court] in order
 to properly preserve an issue for appellate review).  
2. Viewing the evidence
 in the light most favorable to the State, the evidence supports the trial
 court's decision to deny Mack's motion for a directed verdict and submit the
 case to the jury.  Through an in-court identification, the victim identified
 Mack as the assailant who first entered the store holding a gun.  Because
 the trial court is concerned "with the existence or nonexistence of
 evidence, not its weight" when ruling on a directed verdict motion, we
 hold the trial court properly denied the motion for a directed verdict.  See State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When
 ruling on a motion for a directed verdict, the trial court is concerned with
 the existence or nonexistence of evidence, not its weight.").
AFFIRMED.
SHORT, KONDUROS,
 and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.