**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Harold Anthony Trout, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2013-001047

———————————

Appeal From Greenville County
The Honorable D. Garrison Hill, Trial Judge
The Honorable W. Jeffrey Young, Post-Conviction Relief Judge

———————————

Memorandum Opinion No. 2014-MO-044
Submitted October 22, 2014 – Filed October 29, 2014

———————————

**AFFIRMED**

———————————

J. Falkner Wilkes, of Greenville, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Deputy Attorney General Karen Christine Ratigan, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

We deny the petition on Petitioner's Question II. Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant the petition for a writ of certiorari on Petitioner's Question I and proceed with a review of petitioner's direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner's conviction and sentence are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 1: *State v. Pinckney*, 339 S.C. 346, 529 S.E.2d 526 (2000) (stating if there is any direct or substantial circumstantial evidence reasonably tending to prove the defendant's guilt, an appellate court must find the case was properly submitted to the jury); Issues 2 and 5: *State v. Sheppard*, 391 S.C. 415, 706 S.E.2d 16 (2011) (holding an argument not raised to the trial judge was not preserved for appellate review); Issue 3: Rule 801(c), SCRE; *Player v. Thompson*, 259 S.C. 600, 193 S.E.2d 531 (1972) (holding statements offered not for the truth of the matter asserted, but as evidence of notice do not constitute hearsay); Issue 4: *State v. Santiago*, 370 S.C. 153, 634 S.E.2d 23 (Ct. App. 2006) (citing *State v. Roper*, 274 S.C. 14, 260 S.E.2d 705 (1979) ("[A] proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial judge, and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**