**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nathaniel Bernard Beeks, Appellant.

Appellate Case No. 2013-001783

———————

Appeal From Greenville County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-382
Heard March 4, 2015 – Filed July 29, 2015

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:**  Nathaniel Bernard Beeks appeals his conviction for murder.  He contends the trial court erred by (1) failing to instruct the jury that sufficient legal provocation includes a "very emotional argument" and (2) instructing the jury that words alone would not satisfy the sufficient legal provocation element of voluntary manslaughter.  He asserts the trial court's instruction "would leave the jury unable to find [him] guilty of manslaughter."

We find Beeks was not entitled to a jury instruction on voluntary manslaughter and, therefore, affirm his murder conviction.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").  "The law to be charged must be determined from the evidence presented at trial."  *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 512 (2000).  "To warrant a court's eliminating the offense of manslaughter, it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter."  *Id.* at 101, 525 S.E.2d at 513.  "[S]udden heat of passion upon sufficient legal provocation is defined as an act or event that must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection, and produce what, according to human experience, may be called an uncontrollable impulse to do violence."  *State v. Starnes*, 388 S.C. 590, 598, 698 S.E.2d 604, 609 (2010) (internal quotation marks omitted); *see also State v. Tucker*, 324 S.C. 155, 171-72, 478 S.E.2d 260, 269 (1996) ("The provocation *of the deceased* must be such as naturally and instantly produces in the mind of a person ordinarily constituted the highest degree of exasperation, rage, anger, sudden resentment, or terror, rendering the mind incapable of cool reflection[.]" (quoting *State v. Franklin*, 310 S.C. 122, 125, 425 S.E.2d 758, 760 (Ct. App. 1992), *overruled on other grounds by Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999))).

During the trial, Detective David Garrison of the Greenville Police Department testified that after Beeks was arrested, he informed Detective Garrison that the victim had told him she was seeing someone else and, as a result, he snapped, grabbed the victim, threw her to the floor, and started choking her.  Additionally, Darron Montgomery testified that Beeks stated he and the victim were arguing and he grabbed the victim around the neck because she "wouldn't shut the f*** up."  We find this argument between Beeks and the victim regarding the victim's decision to end their romantic relationship does not amount to sufficient legal provocation as it would not produce in the mind of an ordinary person "the highest degree of exasperation, rage, anger, sudden resentment, or terror."  *See id.*; *cf. State v. Cooley*, 342 S.C. 63, 68, 536 S.E.2d 666, 668 (2000) ("In general, South

Carolina has allowed marital infidelity to support a charge of marital voluntary manslaughter only when the killer finds the other spouse and paramour in a guilty embrace or flagrantly suggestive situation.").  Thus, even if we were to find the trial court's voluntary manslaughter instruction to be incorrect, the error would be harmless.  *See State v. Gadsden*, 314 S.C. 229, 232, 442 S.E.2d 594, 597 (1994) ("A jury charge misdefining an element of voluntary manslaughter that had no effect on any other aspect of the trial, evidence, or burden of proof would be harmless error absent evidence requiring the charge."); *id.* ("[W]here there is no evidence to support a jury instruction on voluntary manslaughter, a jury charge which effectively prohibits the jury from considering the lesser-included offense cannot be error.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**