STATE v. HOBGOOD

[112 N.C. App. 262 (1993)]

———————————

STATE OF NORTH CAROLINA v. BRIAN KEITH HOBGOOD

No. 9220SC1216

(Filed 5 October 1993)

**Burglary and Unlawful Breakings § 10 (NCI4th)— second-degree burglary—condo available for rent—unoccupied**

The trial court correctly denied defendant's motion to dismiss charges of second-degree burglary where it was not disputed that defendant broke and entered a condominium at night with intent to commit a felony therein, that the condo was one of approximately seventy available for rent and had been rented on other occasions, and that the condo was not

rented on that night. When a condominium unit is in the ordinary course of events used as a dwelling or for sleeping by either the owner, the owner's family, or a renter, it qualifies as a dwelling or sleeping apartment within the meaning of the burglary statute. It is not material that the condominium was not rented on the night of the breaking or entering. N.C.G.S. § 14-51.

**Am Jur 2d, Burglary § 3 et seq.**

Appeal by defendant from judgment entered 31 January 1992 in Moore County Superior Court by Judge Melzer A. Morgan, Jr. Heard in the Court of Appeals 15 September 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General David N. Kirkman, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Susan G. White, for defendant-appellant.*

GREENE, Judge.

On 31 January 1992, a jury found Brian Keith Hobgood (defendant) guilty of one count of second-degree burglary, and defendant was sentenced to a term of twenty-five years. Due to lack of accurate transmittal of court documents to the Office of the Appellate Defender, defendant lost his right to appeal. On 9 September 1992, the Office of the Appellate Defender filed a petition for writ of certiorari in this Court. On 17 September 1992, the petition was allowed.

For the purposes of this appeal, it is not disputed that on 8 February 1991, defendant broke and entered, at night, a condominium unit, owned by Jackie Upchurch and located in the Foxfire Resort Country Club in Moore County, with the intent to commit a felony therein. The undisputed evidence also reveals that the condominium was one of approximately seventy residential units available for rent through the Foxfire rental program, had been rented on other occasions, and was not rented or otherwise occupied on the night of 8 February 1991. Jackie Upchurch maintained a residence in High Falls.

The single issue presented is whether an uninhabited, unoccupied residential condominium unit, available for rent, is a "dwell-

ing house or sleeping apartment" as those terms are used in the definition of burglary.

Burglary is an offense which consists of five elements: (1) a breaking, (2) and entering, (3) of a dwelling house or sleeping apartment of another, (4) in the nighttime, and (5) with the intent to commit a felony therein. N.C.G.S. § 14-51 (1986); *State v. Beaver*, 291 N.C. 137, 141, 229 S.E.2d 179, 181 (1976). If the dwelling house or sleeping apartment is occupied, it is burglary in the first degree. N.C.G.S. § 14-51. If the dwelling house or sleeping apartment is not occupied, it is burglary in the second degree. *Id.; State v. Alexander*, 18 N.C. App. 460, 461, 197 S.E.2d 272, 273, *cert. denied*, 283 N.C. 666, 198 S.E.2d 721, *cert. denied*, 284 N.C. 255, 200 S.E.2d 655 (1973).

A building qualifies as a dwelling house or sleeping apartment if "the owner or renter and his family, or any member of it," *State v. Jake*, 60 N.C. 471, 472 (1864), "regularly or habitually sleeps there." *State v. Foster*, 129 N.C. 704, 707, 40 S.E. 209, 210 (1901). Regular, usual, or habitual describes that which "occurs in ordinary practice or in the ordinary course of events." *Webster's Third New International Dictionary* 2524 (1966). "[M]ere casual use of a tenement as a lodging, or only upon some particular occasions, will not constitute it a dwelling-house" or a sleeping apartment. *State v. Jenkins*, 50 N.C. 430, 432 (1858). A motel room "regularly and usually occupied by travelers for the purpose of sleeping" is considered a sleeping apartment. *State v. Nelson*, 298 N.C. 573, 597, 260 S.E.2d 629, 646 (1979), *cert. denied*, 446 U.S. 929, 65 L. Ed. 2d 282 (1980); *see* 3 *Wharton's Criminal Law* § 335, at 208 (1980) ("rooms of an inn, hotel, or lodging house" regarded as dwelling house).

The defendant argues that because "no one was renting the condominium unit at the time of the break-in, and the owner . . . was not 'habitually dwelling and sleeping' there," the condominium was not a dwelling or sleeping apartment within the meaning of the burglary statute. We disagree.

It is not material that the condominium was not rented on the night of the breaking and entering. Likewise, it is not necessary that the owner or some family member habitually dwell or sleep in the unit. When a condominium unit is in the ordinary course of events used as a dwelling or for sleeping by either the owner, his family, or a renter, it qualifies as a dwelling or sleeping apart-

IN THE COURT OF APPEALS                     265

STATE ex rel. UTILITIES COMM. v. EMPIRE POWER CO.

[112 N.C. App. 265 (1993)]

ment within the meaning of the burglary statute. Because this residential condominium unit was regularly available for rent through a rental agency, it was in the ordinary course of events used as a dwelling or sleeping apartment and is within the meaning of the burglary statute. Accordingly, the trial court correctly denied the defendant's motion to dismiss the charges.

No error.

Judges EAGLES and ORR concur.