Houston, J.
Plaintiff, Alan A. Genovese (Genovese), brought this action to recover damages arising out of allegedly libelous statements made by defendants, Gazette Publications, Inc. (Gazette Publications), Bernard Doherty (Doherty), John McDonough (McDonough), and Cynthia Pape (Pape). This matter is before the court on defendants’ special motion to dismiss under G.L.c. 231, §59H and defendants’ mo *354 tion to dismiss under Mass.R.Civ.P. 12(b)(6). For reasons set forth below, the defendants’ special motion to dismiss is allowed as to counts three and five and defendants’ motion to dismiss is allowed as to counts one, two and four.
BACKGROUND
The facts stated in the complaint, which are taken as true for purposes of considering the defendant’s motion to dismiss, are as follows. On December 15, 1995, Doherty, chairperson of the Asticou Rd. - Martinwood Rd. - South St. Neighborhood Association (AMSNA) and Pape, crime watch coordinator of AMSNA, sent a letter to an official at the Boston Housing Authority (BHA letter) concerning two rental properties located at 8 and 14 Asticou Road (Asticou Houses). In the letter, Doherty and Pape requested that the BHA reconsider extending Section 8 benefits to residents of the two-family houses because both residences were allegedly being operated as rooming houses. As well, they suspected that there was drug trafficking and a kitchen bar operating out of the houses. Doherty and Pape also wrote about a variety of alleged “disturbing” incidents involving residents or visitors to the Asticou Houses including the firing of a sawed-off shotgun in the street, loud parties and music, fights in the street involving knives, and small children playing unsupervised on the street late at night. The letter named the plaintiff as the owner of the Asticou Houses.
On March 29, 1996, the Jamaica Plain Gazette newspaper (Gazette), published by Gazette Publications, printed an article about a shooting incident at the Forest Hills MBTA station allegedly involving two residents of the Asticou Houses. The headline stated: “Shooting Caps History ofTrouble." The article, which identified Genovese as landlord of the Asticou Houses, also discussed the neighbors’ efforts to get BHA officials to end the Section 8 subsidies of the tenants of the Asticou Houses based on their “links to alleged criminal activity.” The article read, in relevant part:
The buildings’ owner, Alan Genovese, has repeatedly told Doherty he is kicking the tenants out, Doherty said, but there is no record of eviction proceedings in Boston Housing Court. Genovese, who used to live nearby, has not returned phone calls from the Gazette, Doherty, or State Rep. John McDonough, who has come to the neighborhood’s aid.
“We’ve got a landlord down there who’s a real pain,” McDonough said.
“Mr. Genovese doesn’t give a damn. We’ve worked hard to establish a good safe community and we’re losing it. Doherty said, ”We in the community hold the BHA and the landlord responsible for the activities of the tenants."
... Neighbors also suspect the houses were illegally converted to rooming houses because of construction activity and the large number of adults hanging around.
DISCUSSION
I. Special Motion to Dismiss
General Laws c. 231, §59H, known as the antiSLAPP statute, provides for a special motion to dismiss ”[i]n any case in which a party asserts that the civil claims, counterclaims or cross claims against said parly are based upon said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth .. .”[2] A party’s exercise of his right to petition means:
any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.
G.L.c. 231, §59H.
The court must grant the special motion unless the party against whom the special motion is made shows: “(1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injury to the responding party.” Id. In making its determination, the court considers the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. Id. According to the bill’s sponsor, “proponents of the act argued that a citizen’s right of petition was being compromised by suits filed merely to intimidate or punish for participation in government.” Vittands v. Sudduth, 41 Mass.App.Ct. 515, 517 (1996). “The term ‘SLAPP’ originally referred to the filing of a civil complaint against a private party because of its communication with a governmental entity about a substantive issue of public or societal concern. SLAPP suits are, therefore, by definition, meritless lawsuits filed against individual citizens to intimidate them into silence.” Milford Power Ltd. Partner, v. New England Power, 918 F.Sup. 471, 488 (D. Mass. 1996) (citations omitted).
A. The Letter
Counts three and five of the complaint arise out of allegedly libelous statements made by Doherty and Pape in the BHA letter. Plaintiff maintains that BHA by definition, “a public body politic and corporate,” G.L.c. 121B, §1A, is not a governmental entity for purposes of the anti-SLAPP statute. While the BHA has some characteristics of a private corporation, the Supreme Judicial Court has found that it is “basically a governmental entity." Spence v. Boston Edison Co., *355 390 Mass. 604, 608 (1983). The fact that Doherty and Pape petitioned the BHA in its capacity as the administrator of a federal housing program is consistent with this finding.[3]
Further, plaintiff argues that Doherty and Pape were not exercising their right to petition because at the time the BHA letter was written, no applicable “governmental proceeding” was underway. The statute does not define the word “proceeding.” Where a statute does not define its words, the court will give them “their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose.” Commonwealth v. Correia, 17 Mass.App.Ct. 233, 235 (1983) (citation omitted). A proceeding is defined as a “(r)egular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment.” Black’s Law Dictionary 1204 (6th ed. 1990). The letter was submitted to the BHA by private citizens in order to initiate action by the authority to review the award of Section 8 subsidies. Accordingly, I find that the BHA letter was a written statement submitted to a “governmental proceeding" within the meaning of G.L.c. 231, §59H.
The court must grant the special motion to dismiss unless the plaintiff shows that the defendants’ right to petition was devoid of any reasonable factual support or any arguable basis in law and that the defendants’ acts caused actual injury. G.L.c. 231, 59H. In an affidavit, Genovese states that while construction occurred at one of the the Asticou houses, they were never converted into rooming houses. Assuming this fact to be true, it would follow that the allegation of the operation of a rooming house was not a reasonable factual basis for writing the letter. Nonetheless, the letter also describes numerous troubling incidents over a period of three years and evidence that the residents may operate a drinking bar which provide a reasonable factual basis for petitioning the BHA for eviction of the tenants.
Moreover, the plaintiff has failed to make any specific claims of injury. Instead, the plaintiffs complaint alleges a general and unsubstantiated claim of “damage to this [sic] reputation and financial loss.” Consequently, the plaintiff has failed to sustain the statutory burden to defeat Doherty’s and Pape’s motion to dismiss.
B. The Newspaper Article
The remaining three claims arise out of the allegedly libelous statements of Gazette Publications, Doherty, and McDonough published in the Gazette article.[4] Gazette Publications did not petition the BHA; it merely reported the neighborhood’s efforts to petition the BHA. There is no evidence that Gazette publications was involved in communicating with the government about a matter of public concern. As a result, I am unpersuaded that the anti-SLAPP statute was intended to apply to this defendant in this situation.
As well, McDonough is identified in the article as “state Rep. John McDonough.” From the legislative history of the statute, it is clear that a government official is not a “party” within the meaning of G.L.c. 231, §59H. See “Legislative Summary: the Massachusetts ‘Anti-SLAPP statute,’" 3 M.S.L. Law Rev. 41, 42 (1995).
In the article, Doherty was quoted as saying: “Mr. Genovese doesn’t give a damn. We’ve worked hard to establish a good safe community and we’re losing it . . . We in the community hold the BHA and the landlord responsible for the activities of these tenants.” The article stated that Genovese had not returned Doherty’s phone calls and according to Doherty, Genovese repeatedly told him that he was “kicking the tenants out” while there was no record of any eviction proceedings. The issue before the BHA is whether Section 8 subsidies should be taken away from tenants residing at the Asticou houses because of alleged links to criminal activity. Whether the plaintiff “gives a damn,” is responsible for the tenant’s activities, returns phone calls or made efforts to evict his tenants is irrelevant to this determination. In other words, allegedly disparaging comments about Genovese as a landlord are not reasonably likely to enlist public participation, nor do they have a connection with an issue under consideration for purposes of G.L.c. 231, §59H. As a result, the defendants’ special motion to dismiss is denied as to counts one, two, and four. As mandated by the anti-SLAPP statute, the court awards Pape costs and reasonable attorney fees and Doherty costs and reasonable attorney fees as to count three.
II. Motion to Dismiss
When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), the court must determine whether the complaint states a claim upon which relief may be granted. The court must accept as true the factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). “[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though . . . the theory on which he seems to rely may not be appropriate.” Nader, supra at 104.
Words may be found to be defamatory if they hold the plaintiff up to contempt, hatred, scorn or ridicule, or tend to impair his standing in the community. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The plaintiff must show that the alleged defamatoiy statement published by the defendant was of and concerning the plaintiff. Id. An opinion based *356 on disclosed or assumed nondefamatory facts is in-actionable, no matter how unjustified, unreasonable, or unflattering the opinion. Lyons v. Globe Newspaper Co., 415 Mass. 258, 262 (1993).
In the Gazette article, Doherty states that the plaintiff “doesn’t give a damn” about the communily and McDonough states that the plaintiff is “a real pain.” Looking at these statements in the context of the article, I conclude that the challenged statements are expressions of opinion. The article disclosed the following factual premises for these opinions. Residents or visitors to the Asticou Houses have been involved in various disruptive incidents culminating in a shooting that have caused the neighborhood to complain to Genovese over a period of three years. These complaints and plaintiffs promises to kick out the tenants have led to no results. There is no record of eviction proceedings in Boston Housing Court. I find that the challenged opinions are based on disclosed nondefamatory facts.
The plaintiff alleges that the Gazette article “accused Genovese of failing to be a good landlord.” While the article implies that the plaintiff is unresponsive to the neighborhood’s complaints about his tenants, it does not accuse him of failing to be a good landlord. The fact that his tenants or their visitors are involved in allegedly unlawful or disruptive activity does not impair his standing in his capacity as a landlord — the person who owns and rents the buildings. Accordingly, the plaintiff has failed to state a claim for defamation as to Gazette Publications.
ORDER
It is hereby ORDERED that defendants’ special motion to dismiss under G.L.c. 231, §59H be ALLOWED as to counts three and five and DENIED as to counts one, two, and four. The court further awards costs and reasonable attorneys fees to the defendant Cynthia Pape and to defendant Bernard Doherty as to count three. Pape and Doherty shall, within twenty days, submit an affidavit of costs and fees. The plaintiff shall have ten days thereafter to respond. The court will then conduct such further proceedings as are necessary to assess costs and fees. Further, it is hereby ORDERED that defendant’s motion to dismiss under Mass.R.Civ.P. 12(b)(6) is ALLOWED as to counts one, two and four.

 SLAPP stands for Strategic Litigation Against Public Participation.

 The purpose of the Section 8 program is to provide decent, safe and sanitary housing for low-income families through the use of a system of housing assistance payments. 24 C.F.R. §883.101(a).

 The Supreme Judicial Court (SJC) currently has under review a case that raises the issue of whether the anti-SLAPP statute protects only individuals from unwarranted suits or applies to commercial entities as well. Triandafilou v. Kravchuk (SJC No. 70-70). In the present case, the court need not reach this issue as Gazette Publications has not exercised its right to petition.