562 S.E.2d 305

**The STATE, Respondent,**

v.

**Nathaniel WHITE, Appellant.**

**No. 25436.**

Supreme Court of South Carolina.

Heard Feb. 20, 2002.

Decided April 1, 2002.

Assistant Appellate Defender Tara S. Taggart, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney

General Charles H. Richardson, and Solicitor Warren B. Giese, all of Columbia, for respondent.

WALLER, Justice:

White was convicted of first-degree burglary and sentenced to life imprisonment without parole pursuant S.C.Code Ann. § 17–25–45 (Supp.2000). We affirm.

## FACTS

White was charged with the August 21, 1999, burglary of a motel room at the Comfort Inn on Main Street in Columbia. Immediately prior to the burglary, at approximately 10:30pm, White approached Deborah Sims, her boyfriend Jeffrey Walker, and Sims' son Richard, at the motel swimming pool. Sims and her son were staying at the motel while work was done on their home. Sims' boyfriend gave White a cigarette and a couple of dollars, and White left. Shortly thereafter, White was seen by the motel security guard going from room to room attempting to enter with a keycard. Upon reaching room 203, which was registered to Sims, the door opened and White entered. White heard the security guard calling for help on her radio and fled from the room; he was apprehended by the guard in the lobby. Sims advised the security guard that her son's room key, which had been hidden under a towel near the pool, was missing. The jury convicted White of first-degree burglary.

## ISSUES

1. Does application of S.C.Code Ann. § 17–25–45(A) to White violate the prohibition against cruel and unusual punishment? [1]

2. Did the trial court err in refusing to instruct the jury on second and third-degree burglary?

## 1. CRUEL AND UNUSUAL PUNISHMENT

The state sought imposition of a sentence of life without parole pursuant to S.C.Code Ann. § 17–25–45(A)(the Two

---

1. S.C. CONST. Article I, § 15; U.S. CONST. Amend VIII.

Strikes law) [2] based upon White's current conviction for first-degree burglary, a most serious offense, and the fact that he had two prior armed robbery convictions, which were also most serious offenses.[3] White contends imposition of life imprisonment without parole, under the facts of this case, constitutes cruel and unusual punishment. His primary assertion is that because he had spoken with the victims at the pool prior to stealing their room key, the only evidence is that he was attempting to enter a room which, at the time, was not being used as a dwelling. We disagree.

Temporary absence from a "dwelling" is irrelevant to the charge of first-degree burglary. *See State v. Ferebee*, 273 S.C. 403, 257 S.E.2d 154 (1979)(temporary absence of occupants does not prevent residence from being subject of a burglary; if occupants leave with intent to return, breaking and entering during their absence constitutes burglary). *See also Gillum v. State* 468 So.2d 856 (Miss.1985)(temporary absence from home does not destroy character of home as a "dwelling" subject to burglary if dweller leaves with intent to return); *People v. Fleetwood*, 171 Cal.App.3d 982, 217 Cal. Rptr. 612 (1985)("dwelling" status unaffected by temporary absence of occupant).

Further, Sims' boyfriend testified that Sims' son Richard had gone up to the room one time, and that both his children and Richard had been "in and out" of the room all day. Accordingly, regardless of the presence of the occupants in the room at the time of the crime, it remained a "dwelling" within the meaning of the burglary statute.

Moreover, application of the Two Strikes law to White does not constitute cruel and unusual punishment. Recently, in *State v. Jones*, 344 S.C. 48, 543 S.E.2d 541 (2001), we

---

2. That section provides, in pertinent part:

   Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions for:

   (1) a most serious offense ...

3. White also had numerous other convictions which were not relied upon to enhance sentencing.

rejected the defendant's claim that imposition of life without parole pursuant to S.C.Code Ann. § 17–25–45 constituted cruel and unusual punishment. There, we held the most serious nature of armed robbery, when combined with the defendant's prior most serious offense of assault and battery with intent to kill, was not disproportionate to a sentence of life without parole; the sentence was proportionate to that of other criminals in this state with a second most serious offense conviction; and life sentences for armed robbery were imposed under recidivist laws in other states.

The sentencing here likewise withstands a cruel and unusual punishment challenge. White has two prior convictions for the most serious offense of armed robbery. Further, notwithstanding the motel room White entered was unoccupied, the crime he committed is first-degree burglary, a most serious offense. Given that a life sentence is possible for even first offense first-degree burglary convictions, see S.C.Code Ann. § 16–11–311(B), a life sentence without parole for a recidivist with one or more previous convictions of most serious offenses does not constitute cruel and unusual punishment. As in Jones, White's life sentence is proportionate to any other criminal who has a second most serious conviction, and life sentences for first-degree burglary under recidivist laws have withstood such a challenge before. Cf. Tombrello v. State, 421 So.2d 1319 (Ala.Crim.App.1982)(holding life imprisonment is not cruel and unusual punishment for a first degree burglary conviction after previous convictions).

We note that the Ninth Circuit Court of Appeals recently held application of the California Three–Strikes law, imposing 25–year–to–life sentences for petty theft, constituted cruel and unusual punishment under the Eighth Amendment. Brown v. Mayle, 283 F.3d 1019, 2002 WL 187415 (9th Cir.2002). The Brown court relied upon its recent opinion in Andrade v. California, 270 F.3d 743 (9th Cir.2001), in which it held that a 50–year–to–life sentence for two petty theft convictions violated the Eighth Amendment. However, both Andrade and Brown were based upon the fact that the core conduct for which the defendants had received their "third strike" were not traditionally punishable as felonies, but were generally

misdemeanor first offenses with minimum jail sentences.[4] Unlike those cases, White is charged with the violent felony offense of first-degree burglary, punishable in-and-of itself by up to life imprisonment. Accordingly, *Brown* and *Andrade* are inapposite. We hold the sentence here withstands a cruel and unusual punishment challenge. *Jones, supra.*

## 2. CHARGE ON LESSER INCLUDED OFFENSES

■ White next asserts the trial court erred in refusing to charge on the lesser-included offenses of second-and third-degree burglary. Essentially, he claims that since the hotel was a "building" the jury could have found he committed second or third-degree, rather than first-degree burglary. We disagree.

Pursuant to S.C.Code Ann. § 16–11–312(B)(Supp.2001), a person is guilty of second-degree burglary if he "enters a building without consent and with intent to commit a crime therein, and . . . [t]he entering or remaining occurs in the nighttime." [5] White asserts that since a "dwelling" is also a "building," he was entitled to a second-degree burglary charge. We disagree.

We specifically rejected this contention in *State v. Goldenbaum,* 294 S.C. 455, 365 S.E.2d 731 (1988)(where victim's apartment was a "dwelling," there was no evidence from which the jury could have inferred defendant was guilty of second-or third-degree burglary). *See also State v. Berntsen,* 295 S.C. 52, 367 S.E.2d 152 (1988)(lesser degrees of burglary need not be submitted to the jury when there is uncontroverted evidence that the structure entered was a dwelling).

---

**4.** Unlike the recidivist statute in question in *Brown* and *Andrade,* S.C.Code Ann. § 17–25–45 would not impose a life sentence for the offenses of the defendants in those cases as they were neither most serious nor serious offenses.

**5.** Under § 16–11–312(A), a person may also be found guilty of second-degree burglary if he or she enters a dwelling without consent and with intent to commit a crime therein. However, where the dwelling is entered in the nighttime, the crime is first-degree burglary under § 16–11–311. It is undisputed the entering in this case occurred in the nighttime.

Finally, we find the trial court properly held the motel room in question was being used as a dwelling under S.C.Code Ann. §§ 16–11–10 and 16–11–310 (dwelling is defined to include any building in which there sleeps a tenant or person who lodges there with a view to the protection of property; for purposes of burglary statute, dwelling also means living quarters of a building used or normally used for sleeping, living, or lodging by a person). *Accord State v. Hobgood*, 112 N.C.App. 262, 434 S.E.2d 881 (1993)(motel room "regularly and usually occupied by travelers for the purpose of sleeping" is considered a sleeping apartment). *See also State v. Hussain*, 189 Ariz. 336, 942 P.2d 1168 (App.1997)(motel room qualifies as a "residential structure" within burglary statute); *People v. Fleetwood*, 171 Cal.App.3d 982, 217 Cal.Rptr. 612 (1985)(historically and traditionally, hotel rooms have been included within the definition of dwelling house); *Commonwealth v. Correia*, 17 Mass.App. Ct. 233, 457 N.E.2d 648 (Mass.1983)(motel constituted a "dwelling house" within purview of statute prohibiting breaking and entering a dwelling house in the nighttime). *See also* 3 Wharton's Criminal Law § 335, at 208 (1980) ("rooms of an inn, hotel, or lodging house" regarded as dwelling house). Further, as noted above, the fact that the "dwelling" was temporarily unoccupied is irrelevant in light of the fact that the occupant intended to return. *State v. Ferebee, supra. See also State v. Steadman*, 257 S.C. 528, 186 S.E.2d 712 (1972)(upholding jury charge to the effect that it is not necessary entire building be devoted to dwelling purposes, nor that the dwelling area entered be constantly inhabited).

Here, given that the motel room was a "dwelling" as a matter of law, the trial court did not err in refusing the request to charge second-degree burglary. *State v. Goldenbaum, supra; State v. Berntsen, supra.*

**AFFIRMED.**

MOORE, A.C.J., BURNETT, PLEICONES, JJ., and Acting Justice GEORGE T. GREGORY, JR., concur.