THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Daniel Moorer,       
Appellant.
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-048
Submitted November 19, 2003 – Filed 
 January 21, 2004

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, Office of Appellate Defense,
of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief 
Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles 
 H. Richardson, Senior Assistant Attorney General Norman Mark Rapoport, all of 
 Columbia;  and Solicitor Walter M. Bailey, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM: Moorer appeals from his conviction on a first degree burglary 
 charge, arguing that the house he broke into was not a "dwelling” within S.C.Code 
 Ann. § 16-11-10 (2003). We affirm.
FACTS
Appellant Daniel Moorer broke into a house located 
 in St. George on  March 27, 2001. At the time, the house was empty. The owner 
 of the house had died, but the decedent’s daughters had used the house "three 
 times, four time[s] out of the year two or three weeks at a time.” In 2002, 
 a jury convicted Moorer of first degree burglary. The trial judge then sentenced 
 Moorer to fifteen years in prison.         
ISSUES     

 (1)   Did the court err in denying Moorer’s 
 motion for directed verdict, ruling that the house was a dwelling as required for first 
 degree burglary? 
 (2)   Did the court err in limiting 
 Moorer’s closing concerning whether the house was a dwelling?

ANALYSIS:  
"On a motion for a directed verdict in a criminal 
 case, the trial court is concerned with the existence or non-existence of evidence, 
 not its weight.” State v. Robinson, 344 S.C. 220, 223, 543 S.E.2d 249, 
 250 (App. Ct. 2001). And the appellate court must interpret the evidence in 
 the light most favorable to the state. State v. Burdette, 335 S.C. 34, 
 46, 515 S.E.2d 525, 531 (1999). 
A dwelling is "any house … [or] building … in which 
 there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges 
 there with a view to the protection of property. . . .” S.C.Code Ann. § 16-11-10 
 (2003). A house can be a dwelling even if it is empty, so long as the dweller 
 has the intention of returning there. State v. Ferebee, 273 S.C. 403, 
 405, 257 S.E.2d 154, 155 (1979). Therefore, a "[t]emporary absence from a ‘dwelling’ 
 is irrelevant to the charge of first degree burglary.” State v. White, 
 349 S.C. 33, 36, 562 S.E.2d 305, 306 (2002).
At trial, there was evidence that the decedent’s 
 daughters came to the house three or four times year and had maintained its 
 water, electricity, and telephone services. They had last visited the house 
 about four months before the break-in. The house had not been abandoned. Taking 
 the evidence in the most favorable light for the state, we cannot say that the 
 trial judge erred when she ruled that the house was a dwelling. 
Moorer also argues that he should have been allowed 
 to raise the dwelling issue in his closing argument. During his closing, Moorer’s 
 counsel said: "Mr. Moorer lived on Washington Heights. He’s familiar with this 
 property, lived there all his life, 57 years old. He knew nobody was living 
 there.” The state objected on the ground of "facts not in evidence.” A conference 
 ensued among the judge, the prosecutor, and the defense counsel, but the conference 
 was off the record. When the defense counsel continued his closing argument, 
 he did not object on the record to the judge’s apparent decision to sustain 
 the state’s objection. Therefore, the issue was not preserved for appeal. See 
 York v. Conway Ford, Inc., 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) 
 ("An objection made during an off-the-record conference which is not made part 
 of the record does not preserve the question for review.”). 
Affirmed.
Huff, Stilwell, and Beatty, J.J., concur.