714 S.E.2d 554

The **STATE**, Respondent,

v.

**Eddie LINDSEY, Appellant.**

No. 4866.

Court of Appeals of South Carolina.

Submitted June 1, 2011.

Decided Aug. 10, 2011.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, all of Columbia; and Solicitor Christina T. Adams, of Anderson, for Respondent.

WILLIAMS, J.

Eddie Lindsey (Lindsey) was indicted for and convicted of armed robbery and assault and battery with intent to kill (ABWIK). The trial court sentenced Lindsey to concurrent sentences of thirty years' imprisonment for armed robbery and twenty years' imprisonment for the ABWIK charge. Lindsey appeals, arguing the trial court erred in admitting (1) hearsay that improperly bolstered the officer's testimony and (2) Lindsey's written statement into evidence. We affirm.[1]

## FACTS/PROCEDURAL HISTORY

Lindsey proceeded to trial on charges arising from the robbery of King's ABC Liquor Store (the liquor store). Three days after the robbery, Investigator John Zamberlin (Investigator Zamberlin) interviewed Lindsey after receiving an anonymous tip.[2] During the first interview, Lindsey was advised of his *Miranda*[3] rights, signed a voluntary waiver of his rights, and provided an oral statement denying any knowledge of the crime. At the conclusion of the first interview, Lindsey provided Investigator Zamberlin a signed authorization allow-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Lindsey was under arrest for a probation violation at the time of the interviews.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ing the police to collect blood, hair, and saliva samples for analysis (the DNA swab).

Several hours later, Lindsey requested to speak with Investigator Zamberlin. During the second interview,[4] Lindsey asked Investigator Zamberlin if the liquor store clerk identified him as the perpetrator. Investigator Zamberlin informed Lindsey the South Carolina Law Enforcement Divison (SLED) was conducting a forensic evaluation on a pair of Lindsey's tennis shoes the police believed were worn during the commission of the robbery. At this point, Lindsey informed Investigator Zamberlin and Lieutenant David Creamer (Lieutenant Creamer) that he "just snapped" while in the liquor store and committed the crime. During this interview, Lindsey consented to provide a written statement but requested Investigator Zamberlin write the statement as he detailed the robbery. As a matter of course, Lieutenant Creamer contemporaneously took handwritten notes (Creamer's notes) while Investigator Zamberlin questioned Lindsey and typed Lindsey's statement.

According to the written statement, Lindsey went into the liquor store to purchase a bottle of gin and saw the store clerk counting some money. The store clerk asked Lindsey for payment. At this point, Lindsey "just snapped" and hit the store clerk with a sock that contained a rock in it. Lindsey smashed the cash register against the floor and collected $120 and ran out of the liquor store. Lindsey purchased some new tennis shoes and pants with the money. In addition, Lindsey washed his Adidas tennis shoes and discarded a pair of pants because they had blood on them from the robbery.

Creamer's notes recounted the following:

[I] [a]dvised Lindsey that his rights were still in effect. Lindsey wanted to know if the man had identified him. Lindsey was told that his shoes had been recovered and would be checked for blood. Lindsey said he did it, that he robbed the man at the liquor store. Lindsey went to the liquor store to buy some gin. The man [was] behind the counter counting money. He asked the man for a bottle of gin. The man set the bottle on the counter and asked him

---

4. Investigator Zamberlin testified Lindsey was advised that his *Miranda* rights were still in effect from the interview held earlier in the morning.

for five dollars and something. He just snapped and hit the man with a rock that was inside a sock. He smashed the cash register out on the floor. He got about a hundred and twenty dollars from the cash register. He ran out of the store. He dropped some money in the parking lot. He bent down and picked up the money. He ran down West Reed Street and went to a house, but no one was at home. Spent all the money. Spent some of it on some clothes. The man in the liquor store did nothing to make him hit him. He just snapped.

The State moved to introduce Creamer's notes detailing the second interview and Lindsey's written statement obtained by Zamberlin into evidence. Lindsey objected to Creamer's notes, arguing they were inadmissible hearsay. In addition, Lindsey objected to the written statement and denied he ever made the statement.[5] The trial court allowed both Creamer's notes and the written statement into evidence over Lindsey's objections. A jury found Lindsey guilty of armed robbery and ABWIK. The trial court sentenced Lindsey to concurrent sentences of thirty years' imprisonment for armed robbery and twenty years' imprisonment for the ABWIK charge. This appeal followed.

## STANDARD OF REVIEW

 In criminal cases, this court reviews errors of law only and is bound by the trial court's factual findings unless the findings are clearly erroneous. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). "On appeal, the trial [court's] ruling as to the voluntariness of the confession will not be disturbed unless so erroneous as to constitute an abuse of discretion." *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004). Likewise, rulings on the admission of evidence are within the trial court's discretion and will not be reversed absent an abuse of discretion. *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009).

---

5. Lindsey's written statement reflects that Lindsey initialed the statement three times and signed the statement once. In addition, Investigator Zamberlin and Lieutenant Creamer were present and signed the statement as witnesses.

## LAW/ANALYSIS

### A. Lieutenant Creamer's Notes

#### I. Hearsay

■ Lindsey argues the trial court erred in admitting Creamer's notes regarding Lindsey's second interview and subsequent written statement because the notes were inadmissible hearsay that improperly bolstered Lieutenant Creamer's testimony. In response, the State contends the testimony was admissible under Rule 803(5), SCRE,[6] because the rules of evidence allow a hearsay exception for a witness's memorandum about a matter which he once had knowledge. We agree with Lindsey but find this error to be harmless.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. *See* Rule 801(c), SCRE; *State v. Brown*, 317 S.C. 55, 63, 451 S.E.2d 888, 894 (1994). The rule against hearsay prohibits the admission of evidence of an out of court statement to prove the truth of the matter asserted unless an exception to the rule applies. *See* Rule 802, SCRE; *State v. Lewis*, 293 S.C. 107, 110, 359 S.E.2d 66, 67 (1987).

Here, Lieutenant Creamer testified he took notes contemporaneously while Investigator Zamberlin typed Lindsey's written statement, but the notes were never utilized to refresh his memory. Lieutenant Creamer recalled the details of the second interview with ease, had no trouble remembering the event, and testified to what he observed during the interview. Lieutenant Creamer gave direct testimony about Lindsey's second interview, and the State never established the proper foundation to admit the exhibit under the exception to the hearsay rule. Accordingly, the trial court violated Rule 803(5), SCRE, by allowing Creamer's notes to be read into evidence and received as an exhibit to prove he robbed the liquor store.

---

6. Rule 803(5), SCRE, states:

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

 Although the testimony was improperly admitted, Lindsey has not demonstrated reversible error. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (holding improper admission of hearsay evidence is reversible error only when the admission causes prejudice); *State v. Carmack*, 388 S.C. 190, 202, 694 S.E.2d 224, 230 (Ct.App.2010) ("An error without prejudice does not warrant reversal."). Generally, a conviction will not be set aside by the appellate court when error by the trial court is insubstantial and does not affect the result of the trial. *State v. Price*, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006). Accordingly, when guilt has been conclusively proven by competent evidence, an insubstantial error not affecting the result of the trial is harmless. *Id.*

A review of the record reveals Creamer's notes regarding the details of the second interview were merely cumulative to Investigator Zamberlin's testimony, Lindsey's written statement, and Lieutenant Creamer's own testimony. *See Price*, 368 at 499–500, 629 S.E.2d at 366; *see also State v. Haselden*, 353 S.C. 190, 196–97, 577 S.E.2d 445, 448–49 (2003) (finding an admission of improper evidence is harmless when the evidence is merely cumulative to other evidence); *State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (finding any error in the admission of testimony that is merely cumulative is harmless). *But see State v. Whisonant*, 335 S.C. 148, 156, 515 S.E.2d 768, 772 (Ct.App.1999) ("Improper corroboration testimony that is *merely cumulative to the victim's testimony*, . . . cannot be harmless, because it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." (emphasis in original)).[7] The State's first witness, Investigator Zamberlin, testified Lindsey confessed to the armed robbery and subsequently provided a written statement. In addition, Lindsey's written statement providing specific details about the armed robbery and the weapon used to assault the liquor store clerk is virtually identical to Creamer's notes taken contemporaneously with Lindsey's admission.

---

7. In *Whisonant*, the testimony of the victim's step-mother was the only evidence corroborating the victim's testimony. *Id.* at 156, 515 S.E.2d at 772. Here, unlike the situation in *Whisonant*, the improperly admitted evidence was corroborated by multiple sources, including Investigator Zamberlin's testimony, Lindsey's written statement, and Lieutenant Creamer's own testimony at trial. Accordingly, *Whisonant* is distinguishable from the present case.

Moreover, Lieutenant Creamer's own testimony recounting the details of the second interview and stating he witnessed Lindsey sign the written statement is sufficient notwithstanding his notes being admitted into evidence. Despite the improper admission of Creamer's notes, the verdict was based on an abundance of competent evidence from which Lindsey's guilt was properly established. *See State v. Simmons*, 384 S.C. 145, 171–72, 682 S.E.2d 19, 33 (Ct.App.2009) (holding any error in admitting eye witness testimony was harmless because it was cumulative to other overwhelming evidence that established defendant's guilt); *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) (finding the admission of improper evidence is harmless when the evidence is merely cumulative to other evidence). Therefore, we find Lieutenant Creamer's notes were cumulative and insubstantial and did not affect the result of the trial. Accordingly, we find no reversible error on this issue.

## II. Presentation of Statement to Jury

█ In addition to contending Creamer's notes were inadmissible hearsay, Lindsey argues it was error for the trial court to allow Creamer's notes to be admitted into evidence as an exhibit upon the State's motion and given to the jury during its deliberations based upon the plain language of Rule 803(5), SCRE.[8] We find this argument is not preserved for our review.

After the charge to the jury and closing arguments, the following exchange occurred:

The Court: All right. Are the exhibits in order? Both sides agree? What says the State?

Ms. Huey: Yes, sir, Your Honor.

The Court: And Defense?

Mr. Robinson: Yes sir, Your Honor.

As evidenced by this colloquy, Lindsey did not object to the admission of Creamer's notes as an exhibit. Therefore, this issue is not preserved for our review. *See State v. Johnson*, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996) (holding a contem-

---

8. Rule 803(5), SCRE, provides in pertinent part: "If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

poraneous objection is required at trial to preserve an issue for appellate review); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (stating an issue which is not properly preserved cannot be raised for the first time on appeal).

## B. Lindsey's Written Statement

### I. Substantial Evidence

■ Lindsey contends the trial court erred in admitting his written statement because the State failed to prove Lindsey made the statement. We find this argument abandoned on appeal.

■ An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority. *State v. Howard*, 384 S.C. 212, 217, 682 S.E.2d 42, 45 (Ct.App.2009); *see also State v. Jones*, 344 S.C. 48, 58–59, 543 S.E.2d 541, 546 (2001) (stating an argument is deemed abandoned on appeal when conclusory and without supporting authority).

Lindsey's issue statement contends he never made the written statement. The body of his brief is a mere recitation of the facts presented at trial, without legal argument. Lindsey provides no legal authority regarding the State's failure to prove he made the statement. Accordingly, we find Lindsey's argument is abandoned and decline to address the merits of this issue.

### II. Handwriting Analysis

■ Additionally, Lindsey argues the trial court erred in basing its ruling to admit the written statement into evidence, at least in part, on its own comparison of Lindsey's handwriting exemplars. We find this issue is not preserved for our review.

■ A contemporaneous objection is typically required to preserve issues for appellate review. *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) (citing *Johnson*, 324 S.C. at 41, 476 S.E.2d at 682) (noting a contemporaneous objection is required to preserve an issue for appellate re-

view). Here, Lindsey not only failed to object when the trial court questioned if there were any previous exemplars of Lindsey's signature, but affirmatively placed two sentencing sheets into evidence that contained his signature. Moreover, Lindsey failed to object to the trial court's handwriting analysis during the *Jackson v. Denno*[9] hearing. Because this argument was never presented to the trial court, it is not preserved for our review. *See State v. Russell,* 345 S.C. 128, 134, 546 S.E.2d 202, 205 (Ct.App.2001) (finding evidentiary argument was not preserved for review because the issue was never raised to or ruled upon by the trial court).

### III. Inadmissible Hearsay

Lindsey also argues the trial court's ruling to admit Lindsey's written statement explicitly relied on inadmissible hearsay. Although Lindsey identified the inadmissible hearsay in his statement of issues on appeal, he failed to address it in his brief, precluding consideration on appeal. *See Wright v. Craft,* 372 S.C. 1, 21, 640 S.E.2d 486, 497 (Ct.App.2006) (holding an issue listed in statement of issues on appeal but not addressed in brief is abandoned); *see also Howard,* 384 S.C. at 218, 682 S.E.2d at 45 (holding argument abandoned when defendant failed to cite any authority in specific support of his assertion that the trial court erred in denying his motion for a mistrial). Therefore, we find this issue is abandoned on appeal.

### CONCLUSION

For the aforementioned reasons, the rulings of the trial court are

**AFFIRMED.**

HUFF and THOMAS, JJ., concur.

---

9. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).