THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Tarus Tremaine
 Henry, Sr., Appellant.
 
 
 

Appeal From Florence County
 Ralph King Anderson, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-562
 Heard November 3, 2011  Filed December
13, 2011 

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General David Spencer; all of Columbia, and
 E.L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of Appellant
 Tarus Tremaine Henry, Sr.'s convictions for assault and battery with intent to
 kill, second degree arson, and two counts of unlawful conduct towards a child. 
 On appeal, Henry claims the trial court erred in:  (1) admitting into evidence
 his statement to police and (2) refusing to charge the jury on the
 lesser-included offenses of assault and battery of a high and aggravated nature
 and attempt to burn.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities:  Berghuis v.
 Thompkins, 130 S.Ct. 2250, 2263
 (2010) (finding no evidence defendant's confession was coerced where there was
 no claim that police threatened him, injured him, or that defendant was in any
 way fearful, during a three-hour interrogation); State v. Goodwin, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App.
 2009) ("The test of voluntariness is whether a defendant's will was
 overborne by the circumstances surrounding the giving of a confession.")
 (citing Dickerson v. U.S., 530 U.S. 428, 434 (2000)); State v. Gibson,
 390 S.C. 347, 356, 701 S.E.2d 766, 770 (Ct. App. 2010) (finding it appropriate
 to decline to charge a lesser-included offense where "it very clearly appears
 that no evidence whatsoever exists tending to reduce the crime"); State v. Lindsey, 394 S.C. 354, 714 S.E.2d 554, 558 (Ct. App. 2011) (noting an argument
 is deemed abandoned on appeal when it is conclusory and made without supporting
 authority).
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.