**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

C.S. Carter, Plaintiff,

v.

D.J. Brown aka Dan Brown aka Dan J. Brown, Eric Brown, Ethiola Brown, Enoch Wesley Brown, Jr., Ernest Brown, Jr., Karen Brown, Lisa Brown, Michael Brown, Rena Brown, Michael C. Brown, Sr., aka Michael C. Brown, Clara B. Moses, aka Clara Brown Moses, Mable Brown Moses aka Mable B.Moses, Westbury Ace Hardware, CPM Federal Credit Union, Ford Motor Credit, Sears, Roebuck & Company, The St. Paul Campground Association aka St. Paul Campground and John Doe, a fictitious name used herein to designate the unknown heirs at law, distributees, devisees, issue, personal representative, successors and/or assigns of Dorothy Brown and Ernest Brown aka Ernest D. Brown, D.J. Brown aka Dan Brown aka Dan J. Brown, Eric Brown, Etholia Brown, Enoch Wesley Brown, Jr., Ernest Brown, Jr., Karen Brown, Lisa Brown, Michael Brown, Rena Brown, Michael C. Brown, Sr., aka Michael C. Brown, Clara B. Moses aka Clara Brown Moses, Mable Brown Moses aka Mable B. Moses, all being deceased persons or who may be deceased persons; and Mary Roe, a fictitious name designating all other persons and legal entities unknown who may have or claim any right, title, estate, interest in or lien upon the real estate described herein, including any such as may be infants, minors, prisoners, incompetents, or under any other disability, including the Service Members' Civil Relief Act, Defendants.

Rena Brown aka Renee Brown aka Renee A. Lawrence,
Eric Brown aka Eric W. Brown aka Eric Wesley Brown,
Lisa Brown aka Lisa Brown-Hoff, Michael Brown aka
Michael E. Brown aka Michael Enoch Brown, Karen
Brown aka Karen M. Brown aka Karen Michelle Brown,
and Michael C. Brown, Sr. aka Michael C. Brown aka
Michael Clay Brown, Third-Party Plaintiffs,

v.

Dorchester County, Third-Party Defendant.

Of whom, C.S. Carter and Dorchester County are the
Respondents,

and

Rena Brown aka Renee Brown aka Renee A. Lawrence,
Eric Brown aka Eric W. Brown aka Eric Wesley Brown,
Lisa Brown aka Lisa Brown Hoff, Michael Enoch
Brown, Karen Brown aka Karen M. Brown aka Karen
Michelle Brown, and Michael C. Brown, Sr. aka Michael
C. Brown aka Michael Clay Brown, are the Appellants.

Appellate Case No. 2012-213177

———————————

Appeal From Dorchester County
Maite D. Murphy, Master-in-Equity

———————————

Unpublished Opinion No. 2014-UP-105
Heard February 18, 2014 – Filed March 12, 2014

———————————

**AFFIRMED**

———————————

Evert Comer, Jr., of Law Office of Evert Comer, Jr., of Denmark, for Appellants.

James Earle Reeves, of Summerville, for Respondent C.S. Carter, and John G. Frampton, of St. George, for Respondent Dorchester County.

---

**PER CURIAM:**  Rena Brown aka Renee Brown aka Renee A. Lawrence, Eric Brown aka Eric W. Brown aka Eric Wesley Brown, Lisa Brown aka Lisa Brown Hoff, Michael Enoch Brown, Karen Brown aka Karen M. Brown aka Karen Michelle Brown, and Michael C. Brown, Sr. aka Michael C. Brown aka Michael Clay Brown (Appellants) appeal from the master-in-equity's order confirming a tax deed resulting from a tax sale, arguing the master erred in: (1) not setting aside the tax deed when mailing notices of the tax sale process were not sent to two grantees of record; (2) not setting aside the tax deed when the newspaper advertisement contained only the defaulting taxpayer; (3) ruling the grantees contained in the probated estate were not entitled to receive notices of the tax sale process; and (4) not granting Appellants' motion for summary judgment and motion for a new trial or to alter or to amend judgment when the taxing authority failed to include all grantees in the tax sale process.

1.      As to Appellants' argument the master erred in not setting aside the tax deed because mailing notices of the tax sale process were not sent to two alleged grantees of record, we find Dorchester County properly mailed notices to Michael C. Brown, Sr., as the defaulting taxpayer and a grantee of record.  *See* S.C. Code Ann. § 12-51-40(a) (2014) (requiring notice of delinquent taxes to be made to the taxpayer by "mail[ing] a notice of delinquent property taxes, penalties, assessments, and costs to the defaulting taxpayer and to a grantee of record of the property, whose value generated all or part of the tax."); S.C. Code Ann. § 12-51-120 (2014) (providing "[n]either more than forty-five days nor less than twenty days before the end of the redemption period for real estate sold for taxes, the person officially charged with the collection of delinquent taxes shall mail a notice . . . to the defaulting taxpayer and to a grantee, mortgagee, or lessee of the property of record in the appropriate public records of the county").  We also find Appellants have not argued on appeal that Michael C. Brown, Sr. was not the defaulting taxpayer and a grantee of record, or that Michael C. Brown, Sr. did not receive all the proper notices.  Additionally, we find Appellants are barred from seeking to have the deed set aside because Dorchester County properly complied

with the tax sale statutes, and Appellants filed their complaint beyond the two-year statute of limitations. *See* S.C. Code Ann. § 12-51-160 (2014) ("An action for the recovery of land sold pursuant to this chapter or for the recovery of the possession must not be maintained unless brought within two years from the date of sale . . . .").

2.      As to Appellants' argument the master erred in not setting aside the tax deed because the newspaper advertisement contained only the defaulting taxpayer's name, we find the advertisement complied with S.C. Code Ann. § 12-51-40(d), which provides the advertisement must include the delinquent taxpayer's name. *See* S.C. Code Ann. §12-51-40(d) (2014) (stating the property must be advertised "in a newspaper of general circulation within the county or municipality" and "must include the delinquent taxpayer's name").

3.      As to Appellants' argument the master erred in ruling the grantees contained in the probated estate were not entitled to receive notices of the tax sale process, we find Appellants abandoned this argument by failing to support it with authority. *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *see also Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) (finding an issue abandoned where the party's brief cited only one family court rule, and presented no argument as to how the family court's ruling was an abuse of discretion or constituted prejudice).

4.      As to Appellants' argument the master erred in not granting Appellants' motion for summary judgment and motion for a new trial or to alter or to amend judgment because the taxing authority failed to include all grantees in the tax sale process, we find Appellants' complaint was barred by the statute of limitations; therefore, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**