**2016-THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Bagley, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-000478

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2016-UP-210
Submitted February 1, 2016 – Filed May 11, 2016

———————

**AFFIRMED**

———————

Bernard Bagley, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Bernard Bagley, pro se, appeals an order by the Administrative Law Court (ALC) affirming the Parole Board's (the Board) January 14, 2015 denial of his parole. Bagley argues the ALC erred by failing to (1) find the Board improperly considered his 2012 parole denial as a factor in reaching its decision at

his 2015 parole hearing; (2) find the Board was required to consider criminal risk factors pursuant to section 24-21-5(2) of the South Carolina Code (Supp. 2015); (3) find the Board's notice of rejection did not include findings related to the criminal risk factors outlined in section 24-21-5(2); (4) find he was physically and emotionally impaired at his parole hearing; (5) find the Board erred by declining to consider him for parole pursuant to section 24-21-700 of the South Carolina Code (2007); (6) find the Board violated section 24-21-640 of the South Carolina Code (Supp. 2015) by not considering him for parole every two years; (7) find his prehearing investigation was incomplete and the Board's decision was made without all mitigating evidence; (8) find the Board failed to demonstrate a rational nexus between the factors it used to deny his parole and his actual risk of reoffending; (9) find the Board violated his Equal Protection rights and the Americans with Disabilities Act; and (10) follow proper procedure in dismissing his appeal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issues 1, 2, and 3:  S.C. Code Ann. § 1-23-610(B) (Supp. 2015) ("The court of appeals . . . may reverse or modify the [ALC's] decision *if the substantive rights of the petitioner have been prejudiced* because the finding, conclusion, or decision is:  (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." (emphasis added)).

As to Issues 4, 7, and 9:  *State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

As to Issue 5:  S.C. Code Ann. § 1-23-600(D) (Supp. 2015) ("An administrative law judge shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by the Department of Probation, Parole and Pardon Services."); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) ("[A] matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest . . . .").

As to Issue 6:  *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("[An issue] becomes moot when judgment, if rendered, will have

no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief.").

As to Issue 8:  § 1-23-600(D) ("An administrative law judge shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by [the Department]."); *Howard*, 399 S.C. at 630, 733 S.E.2d at 218 ("[A] matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest . . . ."); *Lindsey*, 394 S.C. at 363, 714 S.E.2d at 558 ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

As to Issue 10:  *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 94 (Ct. App. 1986) (ruling an appellant has the burden of showing to a reviewing court that an error is prejudicial).

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.