**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David C. Deen, Appellant,

v.

Deborah B. Deen, Respondent.

Appellate Case No. 2017-001222

———

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge

———

Unpublished Opinion No. 2019-UP-415
Submitted December 2, 2019 – Filed December 31, 2019

———

**AFFIRMED**

———

Scarlet Bell Moore, of Greenville, and Thomas Philip Austin, of Watson Law Firm, of Greenwood, for Appellant.

Deborah B. Deen, pro se, for Respondent.

———

**PER CURIAM:** In this divorce action, David C. Deen appeals, arguing the family court erred in denying his request (1) to modify the alimony payable to Deborah B. Deen based on a substantial change in circumstances; and (2) for reimbursement of his attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Stoney v. Stoney*, 422 S.C. 593, 594, 813 S.E.2d 486, 486 (2018)

(stating on appeal from the family court, this court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual finding will be affirmed unless [the] 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899)); *Butler v. Butler*, 385 S.C. 328, 336, 684 S.E.2d 191, 195 (Ct. App. 2009) ("Changes in circumstances must be substantial or material to justify modification or termination of an alimony award."); *id*. ("Moreover, the change in circumstances must be unanticipated."); *id*. ("The party seeking modification has the burden to show by a preponderance of the evidence that the unforeseen change has occurred." (quoting *Kelley v. Kelley*, 324 S.C. 481, 486, 477 S.E.2d 727, 729 (Ct. App. 1996))); Rule 208(b)(1)(E), SCACR (requiring citation to authority in the argument section of an appellant's brief); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal); *State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.