**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Max Watkins, Appellant.

Appellate Case No. 2020-001421

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-142
Submitted March 1, 2023 – Filed April 5, 2023

———————

**AFFIRMED**

———————

Robert Max Watkins, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Robert Max Watkins appeals Judge Letitia H. Verdin's denial of his motion for a new trial, arising out of his 2008 convictions for armed robbery and possession of a weapon and aggregate sentence of thirty years' imprisonment. On appeal, Watkins argues Judge Verdin abused her discretion in denying his motion for a new trial because during the trial, Judge Larry H. Patterson

constructively amended the indictment in his jury instruction, which deprived him of sufficient notice of the charge, and because Judge Patterson lacked personal[1] and subject matter jurisdiction over the case.

We hold Watkins's motion for a new trial, which he filed on September 29, 2020, was untimely because he could have discovered any defects in the indictment caused by the jury instruction during his trial in 2008.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and [an appellate court] will not disturb the trial court's decision absent an abuse of discretion."); *id.* at 167, 672 S.E.2d at 565 ("The deferential standard of review constrains [an appellate court] to affirm the trial court if reasonably supported by the evidence."); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] Watkins failed to make any substantive argument or cite any authority as to this issue in his brief.  Accordingly, we find this issue abandoned.  *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.