**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sharyn Hetz Michali, Respondent,

v.

Eugene Michali, Appellant.

Appellate Case No. 2022-000779

---

Appeal From Union County
David G. Guyton, Family Court Judge

---

Unpublished Opinion No. 2023-UP-375
Submitted November 1, 2023 – Filed November 22, 2023

---

**AFFIRMED**

---

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

Christopher Brough, of The Brough Law Firm; and Rachel Ilene Brough, of Cate & Brough, P.A., both of Spartanburg, for Respondent.

---

**PER CURIAM:** Eugene Michali (Husband) appeals the family court's final order and divorce decree and order denying his motion to alter or amend. On appeal, Husband argues the family court erred in (1) classifying the Edward Jones IRA as a marital asset, (2) apportioning the Edward Jones IRA equally between the

parties, (3) denying his request to deduct Sharyn Hetz Michali's (Wife's) tax obligations from her equitable division award, and (4) awarding Wife attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue One, we hold the family court did not err in finding the Edward Jones IRA was a marital asset. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 537, 863 S.E.2d 835, 838 (Ct. App. 2021) ("[T]his court may find facts in accordance with its own view of the preponderance of the evidence."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (holding although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Weller*, 434 S.C. at 538, 863 S.E.2d at 838 ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence."). Wife met her initial burden of establishing a prima facie case the Edward Jones IRA was marital property. *See Pruitt v. Pruitt*, 389 S.C. 250, 261, 697 S.E.2d 702, 708 (2010) ("The spouse claiming an equitable interest in property upon dissolution of the marriage has the burden of proving the property is part of the marital estate." (quoting *Johnson v. Johnson*, 296 S.C. 289, 294, 372 S.E.2d 107, 110 (Ct. App. 1988))); *id.* ("If a spouse carries this burden, a prima facie case is established that the property is marital property."). At trial, Husband testified his initial investment in the Edward Jones IRA was thirty-six years prior to the June 2021 trial. Based on this testimony, Husband's initial investment in the Edward Jones IRA likely occurred in 1985, two years after the parties married in 1983. Wife testified Husband did not open an Edward Jones account until 2001 but she believed the funds in the Edward Jones accounts had been rolled over from Husband's various 401(k) retirement accounts. *See* § 20-3-630(A) (2014) ("The term 'marital property' as used in this article means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation as provided in [s]ection 20-3-620[ of the South Carolina Code (2014)] regardless of how legal title is held . . .").

Although Husband testified the initial investment in the Edward Jones IRA was an inheritance, he failed to present any credible evidence rebutting Wife's prima facie case for including the Edward Jones IRA in the marital estate. *See* § 20-3-630(A)(1) & (5) (holding "property acquired by either party by inheritance,

devise, bequest, or gift from a party other than the spouse" and "any increase in value in nonmarital property" is nonmarital property); *Pruitt*, 389 S.C. at 261, 697 S.E.2d at 708 ("If the opposing spouse then wishes to claim that the property is not part of the marital estate, that spouse has the burden of presenting evidence to establish its nonmarital character."); *id.* ("If the opposing spouse can show that the property was acquired before the marriage or falls within a statutory exception, this rebuts the prima facie case for its inclusion in the marital estate."). In his response to Wife's first set of interrogatories, Husband did not list any accounts he believed to be nonmarital and indicated the Edward Jones IRA "was from [his] personal injury settlement for an accident." However, at trial, Husband testified the initial investment in the Edward Jones IRA came from an inheritance he received from his father. Husband entered into evidence a document from Edward Jones that included a description of the transaction that read, "retirement distribution at your request," but with the word "retirement" crossed out and the word "inheritance" handwritten in its place. Wife testified Husband purchased a motorcycle with the inheritance he received from his father and she did not have any knowledge Husband invested any portion of his inheritance. The family court found Wife's testimony more credible than Husband's, and we defer to that finding. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52 (holding although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Accordingly, we hold the family court did not err in finding the Edward Jones IRA was marital property.

2. As to Issue Two, Husband failed to address this issue in his final brief. Accordingly, we find this issue is abandoned on appeal. *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

3. As to Issue Three, we hold the family court did not err in denying Husband's request in his motion to alter or amend to deduct Wife's portion of tax liability for the distributions from the Edward Jones accounts from her equitable division award. *See Weller*, 434 S.C. at 538, 863 S.E.2d at 838 ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence."). The documentation

Husband provided in support of his motion to alter or amend reflected his federal and state tax liability totaled $133,994.55, which included $19,509.55 in penalties and interest.  The tax documentation did not include information regarding what portion of tax liability was specifically associated with the distributions from the Edward Jones accounts.  Accordingly, we find the family court did not err in denying Husband's motion to alter or amend.

4.  As to Issue Four, because we affirm the equitable distribution of the family court as it related to the Edward Jones IRA and associated tax liability, we also affirm the family court's award of attorney's fees and costs.  *See Weller*, 434 S.C. at 543, 863 S.E.2d at 841-42 (affirming the family court's award of attorney's fees and costs when the appellate court affirmed the other findings challenged on appeal).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.