**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donna S. Ard, Appellant,

v.

Willie S. Edwards and McLeod Spine Center, Respondents.

Appellate Case No. 2024-001201

———————————

Appeal From Florence County
Robert J. Bonds, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-028
Submitted January 2, 2026 – Filed January 28, 2026

———————————

**AFFIRMED**

———————————

Donna S. Ard, of Florence, pro se.

J. David Banner, of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence, for Respondents.

———————————

**PER CURIAM:** Donna S. Ard, pro se, appeals the circuit court's order granting Willie S. Edwards and McLeod Spine Center's (collectively, Respondents') motion to dismiss with prejudice. Ard argues the circuit court erred in granting the motion to dismiss because (1) her negligence action fell under the common-knowledge exception to the expert witness affidavit requirement set forth in section

15-36-100(B) of the South Carolina Code (Supp. 2025), (2) Respondents' counsel engaged in unethical conduct during the pendency of the action, and (3) the circuit court allowed Respondents to present arguments first at the motion hearing. We affirm pursuant to Rule 220(b), SCACR.

As to issue one, we hold this issue is not preserved for appellate review because Ard did not argue to the circuit court that her claim fell within the common-knowledge exception under section 15-36-100(C)(2) of the South Carolina Code (Supp. 2025), and the circuit court did not specifically rule on this issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *id.* ("Moreover, an objection must be sufficiently specific to inform the [circuit] court of the point being urged by the objector.").

As to Ard's remaining issues, we hold they have been abandoned on appeal. *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."). In her final brief, Ard makes short, conclusory statements and fails to cite any relevant legal authority in support of her arguments that the circuit court erred in allowing Respondents to present their argument first at the motion hearing and that Respondents' counsel acted unethically. Accordingly, we hold Ard's arguments are abandoned on appeal and decline to address the merits of these issues.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.